# Monessen Borough, Appellant, *v.* Monessen Water Company.

*Equity—Equity pleading—Parties—Necessary parties.*

1. A bill in equity seeking to enjoin the sale of the property of a water company to another corporation is defective for want of a necessary party, where it appears that such other corporation had an equitable interest in the property of the water company before the filing of the bill, but was not made a party thereto.

*Corporations—Water companies—Boroughs—Right to purchase plant of water company—Sale of property by water company—Equity—Injunction—Act of April 29, 1874, Sec. 34, Clause 7, P. L. 73.*

2. A borough ordinance under which a water company obtains its franchises, and which provides the terms and conditions upon which the water company may enter the borough, is a contract, but in so far as such ordinance undertakes to reserve to the borough the privilege of purchasing the property and plant of the water company at the expiration of twenty years, it simply recognizes the statutory powers conferred by the Act of April 29, 1874, Section 34, Clause 7, P. L. 73, and gives the borough no greater rights and privileges than it had under the statute.

3. Where the privilege of purchasing the plant of a water company at the end of twenty years from the grant of its franchise is reserved to a borough, the water company is not required during that entire period to keep the identical machinery and equipment with which the plant was first installed. It is for the water company to determine what equipment is necessary to furnish a proper supply of water, and its internal management cannot be inquired into by the courts, unless there is a failure to furnish a sufficient supply of pure water to the public or a neglect to perform its statutory duties or contractual obligations.

4. A borough having the right to purchase the property of a water company at the expiration of twenty years from the grant of its franchise sought by bill in equity to enjoin the proposed sale of a pumping station to a steel company. It appeared that the water company had purchased other properties for another pumping station, had abandoned the pumping station on the property in suit as no longer necessary and had entered into an agreement with the steel company for the sale of the land occupied by such station. The steel company had paid two-thirds of the purchase price before the filing of the bill, but was not made a party defendant thereto. The court dissolved a preliminary injunction and dismissed the bill. *Held,* no error.

Argued Oct. 9, 1913. Appeal, No. 48, Oct. T., 1913, by plaintiff, from decree of C. P. Westmoreland Co., 1912, No. 824, in equity, dismissing bill in equity for an injunction in case of The Borough of Monessen v. Monessen Water Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before COPELAND, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The court on final hearing dissolved a preliminary injunction and dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*H. H. Fisher,* with him *E. E. Robbins* and *A. M. Wyant,* for appellant.

*John G. Frazer,* with him *James S. Moorhead, Robert W. Smith* and *Robert J. Dodds,* for appellee.—The Pittsburgh Steel Company is not a party to the record and the court cannot make a decree with respect to the land occupied by the pumping station in which it had an equitable interest at the time of the filing of the bill: Alexander's App., 20 W. N. C. 283; Philadelphia v. River Front Railroad Company, 133 Pa. 134; Maguire

v. Heraty, 163 Pa. 381; Gilkeson v. Thompson, 210 Pa. 355.

The right of the borough to purchase at the expiration of twenty years, does not give it the right to control the property of the water company during that period: Johnson Company v. Miller, 174 Pa. 605; Second National Bank v. Gibbs & Sterrett Manufacturing Company, 13 W. N. C. 174.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

Nearly all of the questions raised in this proceeding have been decided adversely to the contentions of appellant in Greensburg Borough v. Westmoreland Water Company, 240 Pa. 481, the opinion in which case was handed down since the filing of the present bill.  Counsel for appellant frankly concede this and content themselves with the discussion of a single question in their printed argument.  It is contended that the water company has no right to sell its pumping plant to the steel company and the borough seeks to restrain that sale in a court of equity.  It is argued that the ordinance under which the water company obtained its franchises from the borough constituted a contract between the parties and that the sale of the pumping station is in violation of that contract.  It is true the ordinance and its acceptance did constitute a contract, but that contract had to do with the terms and conditions upon which the water company entered the borough; the maximum rates to be charged consumers; and the option or privilege under which the borough might take over the property and franchises of the water company at the expiration of the twenty-year period.  The ordinance in so far as it undertook to reserve the privilege of purchasing the property and plant of the water company simply recognized the statutory powers conferred by the Act of April 29, 1874, P. L. 481.  The borough had no greater rights and privileges under the ordinance than it had under the statute.  Therefore, the simple question for decision is, has the

water company undertaken to do anything it has not the right to do under the law? Before filing the bill the appellee water company had purchased the properties and franchises of two other water companies, as it had the right to do, and had determined to use the pump station formerly owned by one of the water companies which it had purchased. It clearly had the right to do all of these things and this was the situation when the bill was filed. The borough is attempting to restrain the water company from abandoning its old pump station and from selling its pumping machinery and the land upon which the station was erected. The machinery was not sold but was transferred for use in another pump station, so that the sale and conveyance of the land to the steel company is about all that remains of the controversy for the consideration of the court. The steel company is not a party to the record although by an agreement in writing it had become the equitable owner of the land several months before the bill was filed. At the time of the filing of the bill, the steel company had paid two-thirds of the purchase price and could not be deprived of its rights without being given an opportunity to be heard. If the borough desired to deny the right of the steel company to purchase the land in question, it should have been made a party either at the time of filing the bill, or by subsequent amendment, but this was not done. On this ground alone the bill might very properly be dismissed.

We do not rest our decision on this ground, but, under the facts as found by the learned court below, the water company acted within its legal rights and was not bound to keep and maintain the old pump station, nor the land upon which it was erected, when in the proper development of its business, it was no longer necessary to do so. The privilege of purchasing at the end of twenty years does not mean that the water company must during that entire period keep and maintain the identical mains, machinery, equipment and plant that

were first installed.  Such a construction of the ordinance and the law might seriously interfere with the service of the water company and the rights of the public to demand a sufficient supply of pure water.  In the first instance it is for the water company to determine what machinery and equipment are necessary to furnish a proper supply of water, and matters relating to the internal management will not be inquired into by courts unless there is a failure to furnish a sufficient supply of pure water to the public, or there is neglect to perform statutory duties or contractual obligations. In the case at bar the water company having decided to abandon the old pump station, and to supply water to the public through another station, which as disclosed by the record answered the purpose as well or better, there is no necessity for retaining the land upon which the old station was erected, and it would be an extreme exercise of judicial power to deny interested parties the right to sell and convey on one side and to purchase and pay for on the other.  The learned counsel for appellant has not cited a single case which sustains the contention that the water company was without power to sell and convey the abandoned pump station.  As we view it the appeal is without merit and cannot prevail.

Decree affirmed at cost of appellant.