## Fineman *v.* Cutler et ux., Appellants.

*Vendor and vendee—Sale subject to mortgage—Assignment of contract—Deed—Merger of contract in deed—Equity—Specific performance—Actions—Parties—Jurisdiction—Amendment—Appeal.*

1. Whether an agreement for the sale of land is merged in the deed following thereon is a question of the intention of the parties at the time the deed is executed.

2. If an agreement for the sale of land subject to a mortgage is executed for the purchaser by an agent, named as such, without naming the principal, and subsequently the agent naming his principal assigns the agreement to another, and the assignee files a bill against the vendor for specific performance of the contract, the court will require the plaintiff to amend his bill so as to name, as parties defendant, the agent and his principal, the original vendee, so that all the indispensable parties may be before the court, and the question determined whether the agreement was merged in the deed, so as to relieve the original vendee and his agent from liability to the vendor by reason of the mortgage.

3. A party is indispensable when he has such an interest that a final decree cannot be made without affecting it or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience.

4. The absence of an indispensable party goes to the jurisdiction of the court, and an objection to the proceedings on that ground

may be raised at any time, during the hearing or on an appeal from the decree of the trial court.

Argued January 16, 1922. Appeal, No. 177, Jan. T., 1922, by defendants, from decree of C. P. No. 5, Phila. Co., March T., 1920, No. 6558, for plaintiff on bill in equity, in case of Max Fineman, Assignee of Jacob Gable, agent for David Feld, v. Samuel Cutler et ux. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Bill for specific performance. Before MARTIN, P. J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Joseph Gross,* with him *Harry Balis,* for appellants.

*Samuel E. Kratzok,* with him *Samuel Willig,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 6, 1922:

In its main aspects, the present case is controlled by our decision in Dobkin v. Landsberg, the opinion in which is filed simultaneously herewith [the preceding case]. Max Fineman, plaintiff, sued in equity, as "assignee of Jacob Gable, agent for David Feld," to enforce specific performance, against Samuel Cutler and Mollie Cutler, defendants, of a written contract for the sale of real estate, wherein the Cutlers agreed to sell, and "Jacob Gable, agent," agreed to purchase, the property in controversy, for $5,000, payable by, inter alia, allowing "the present mortgages of $3,300 to remain." The vendee named in the agreement of sale assigned his interest to the present plaintiff, the assignment being executed, under seal, by "Jacob Gable, agent for David

Feld," and signed by David Feld and Annie Feld, his wife, as subscribing witnesses. For reasons, as to which the parties litigant disagree in their testimony, defendants refused to make the conveyance to Fineman, saying they had "sold the house to Gable and would deal with Gable only"; thereupon this suit was instituted. The court below entered a decree directing defendants to deed the property to plaintiff, and defendants have appealed.

While Gable and Feld appeared as witnesses for plaintiff and, on their testimony, the court below found that, when Gable executed the contract of purchase and the assignment thereof, he was acting as the agent of Feld, yet neither of them was made a party to the suit.

Plaintiff, in his paper-book, says the "real issue involved in the case at bar" may be stated thus: "Is an agreement [of sale] assignable by the vendee where the real estate is encumbered by mortgages and the conveyance is to be subject to them?" He contends such an agreement is assignable and the assignee is entitled to specific performance, because, by a conveyance to him, the assignee, the vendor in no sense loses his right to look to the original vendee to indemnify him, the vendor, against his personal responsibility for the existing mortgages. On the other hand, defendants contend that by such a conveyance all obligations arising out of the terms of the purchase are merged in the deed; and thus, they, the defendants, will be deprived of that to which the agreement of sale entitles them, namely, the right to hold the vendee, with whom they contracted, to his responsibility as indemnitor.

Like contentions to those just stated are fully discussed in Dobkin v. Landsberg, supra; we there decided that, since merger is a question of intention, to be determined on the facts of each particular case, and since the decision of that point, under the circumstances there presented (which, for instant purposes, are similar to those in this case), involved a determination of the ques-

tion of the liability, as indemnitor, of the original vendee to the defendants, it could not be adjudged properly in the absence of the vendee as a party litigant.

The same principles stated in the Dobkin case control here, and even more so; for in the present case the contract of sale is signed by Jacob Gable, the vendee, as "agent," without disclosing his principal. If, in the future, there should be a default on the existing mortgages, to the financial loss of defendants, and they were to undertake the collection of that loss from Gable, it might well be the latter would defend on the ground that he merely acted as an agent, who, as a matter of fact, had disclosed his principal and therefore had no personal responsibility; or, if suit were brought against Feld, as principal, he might question Gable's authority to fasten on him the responsibility of an indemnitor, or he might set up the defense it was the intention of the parties that the contract of indemnity, growing out of the terms of purchase, was merged in the deed to Fineman; or still other defenses,—growing out of the facts and circumstances attending the making of the original contract, its assignment, and the execution of the deed in pursuance thereof,—might be depended upon by him. To all of which we call attention for the purpose of indicating the necessity of having each party to these transactions upon the record, before the questions here sought to be determined are adjudged.

In Schaeffer v. Herman, 237 Pa. 87, 97, depended upon by the court below and plaintiff, where a decree ordering the conveyance of real estate to an assignee of the original purchaser was directed, "all the parties were before the court, and their rights [were] determined under the facts" as they appeared. Other authorities cited by appellee are covered by our discussion in Dobkin v. Landsberg, which need not be repeated.

Both Gable and Feld are "indispensable parties to the proceeding," and, as above pointed out, the decree entered in their absence is "inequitable" and "unjust," as

it may eventuate in material inconvenience and loss to
defendants. We said in Hartley v. Langkamp, 243 Pa.
550, 555-6 (from which the above quoted words are
taken), that "One must be joined who otherwise, not
being bound by the decree, might assert a demand......
which would be inequitable after the [principal defend-
ants'] performance of a decree in favor of the plaintiff";
and, again, "A party is indispensable when he has such
an interest that a final decree cannot be made without
affecting it or leaving the controversy in such a con-
dition that the final determination may be wholly incon-
sistent with equity and good conscience"; finally, "It is
a settled rule of equity jurisprudence that, as the absence
of an indispensable party goes to the jurisdiction of the
court, an objection to the proceeding on that ground may
be raised at any time, during the hearing or on an appeal
from the decree of the trial court,—the court may, of its
own motion, for the like reason, raise and pass on the ob-
jection, and, if the ground of want of jurisdiction be not
removed by bringing the proper parties on the record as
parties to the proceedings, the chancellor may dismiss
the bill": see also Maguire v. Heraty, 163 Pa. 381, 387;
Heck v. Collins, 231 Pa. 357, 362; and Dobkin v. Lands-
berg, supra, with authorities there cited.

The decree is reversed and the record returned to the
court below, with directions that if, within two weeks
from the filing of the remittitur, plaintiff amends his
bill and brings in Jacob Gable and David Feld, with their
respective wives, if any they have, as parties defendant,
the case shall be tried de novo and such decree entered
as the facts proved may legally and equitably require;
should plaintiff not pursue the course above outlined,
within the time fixed, or any extension thereof which, on
cause shown, may be granted by the court below, the bill
is to be dismissed. Appellee to pay the costs to date.