Joseph **MULLEN** and Jessie Mullen, his wife,

v.

**GEO. M. BREWSTER AND SONS, Inc.,** a New Jersey corporation.

No. 15371.

United States District Court E. D. Pennsylvania.

July 16, 1953.

---

Lemuel B. Schofield, Philadelphia, Pa., for plaintiff.

Stradley, Ronon, Stevens & Young, David H. Rosenbluth, Lewis M. Stevens, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is an application for a preliminary injunction.

On June 10, 1953 the plaintiffs were the owners of certain pieces of land on Allendale Road, Upper Merion Township, Montgomery County, Pennsylvania when the defendant, a contracting firm, entered upon the land pursuant to a contract which it had entered into with the Pennsylvania Turnpike Commission on November 19, 1952, under which it was to construct certain portions of the Pennsylvania Turnpike. In addition to the land necessary for the actual construction of the Turnpike twenty-five feet more was taken, and the defendant was about to enter thereon, for the purpose of constructing an access road from the Hendren property to Allendale Road, a property which was contiguous to and northeast of plaintiff's property. This portion of the land, the twenty-five feet taken, also fell within a required right of way for the relocation of the so-called Reading Gas Line.

The plaintiff avers that the action on the part of the contractor was a trespass and that the taking by the Pennsylvania Turnpike Commission of these twenty-five feet of additional land was the acquisition of private property not for a public purpose; that irreparable injury would be occasioned to the plaintiff; and that, accordingly, a preliminary injunction should issue restraining defendants from entering upon and constructing the so-called Hendren access road. The defendants maintain (1) that the plaintiffs had made no showing that the entrance of the defendant on their land to construct the Turnpike and the Hendren access road was a trespass causing irreparable injury; (2) that the Pennsylvania Turnpike Commission had authority to condemn the Hendren access road; and (3) that the plaintiffs failed to join an indispensable party, the Pennsylvania Turnpike Commission.

At the outset of the hearing the defendant's motion to dismiss the plaintiff's bill for its failure to join the Pennsylvania Turnpike Commission as an indispensable party was dismissed, and a hearing was had on the merits with respect to the application for the preliminary injunction. At the close of the hearing, the defendant again pressed upon the court its contention that the Pennsylvania Turnpike Commission is an indispensable party to the action, and in the light of the testimony shown at the hearing and after a complete review of the case this court is of the opinion that the Pennsylvania Turnpike Commission is an indispensable party. This conclusion is reached on the showing that the Pennsylvania Turnpike Commission has a substantial interest in the proceeding which would be adversely affected, in that the Commission is presently engaged in the construction of the "Delaware River Extension" of the Pennsylvania Turnpike, which will be the final section of the express highway running from the western to the eastern boundaries of the State of Pennsylvania and more specifically will connect the present terminus of the Turnpike at King of Prussia with the Delaware River which in turn connects with a bridge over the Delaware leading to an express highway known as the New Jersey Turnpike. The Hendren access road connects with the Allendale Road which at this point crosses diagonally the Turnpike road by an elevated span, and delay in the construction of the Hendren access road, delays the construction of the elevated span for Allendale Road, which in turn delays the construction of the Turnpike.

The Pennsylvania Turnpike Commission in its construction of the "Delaware River Extension" proceeds under the Act of May 23, 1951, P.L. 335, 36 P.S. § 658.-1 et seq. Under the provisions of §§ 8 (a), 9(a) and (b) and 10 of that Act the alleged authority of the Commission to construct the access road here in question as well as the procedure under which an owner of private property damaged by the extension may obtain damages for any injury are the sole questions for decision in the granting or denying of the injunction. More specifically, § 10 thereof makes provision, where the Commission has condemned land and has tendered a bond to secure the owner or owners for damages and the same has been accepted, it has the right of immediate possession of the property covered by the bond, and may enter thereon in the name of the Commission. It is apparent, therefore, that the defendant will have nothing whatever to do with the land about which the plaintiffs are herewith concerned, as they are only in and about the premises under a contract with the Pennsylvania Turnpike Commission, and the real question as has been adverted to is whether or not the Pennsylvania Turnpike Commission under § 8 (a) of the Pennsylvania Turnpike Delaware River Extension Act, supra, is lawfully empowered to condemn this particular tract of land. Furthermore concerning § 10 of that Act since it has been fully complied with by the plaintiffs' acceptance of the bond of the Commission served upon them on October 31, 1952, the Pennsylvania Turnpike Commission has the right to immediate possession of the land covered by the bond.

Accordingly, it is the view of the court in the disposition of this question in view of these circumstances particularly, the determination of the right of the Pennsylvania Turnpike Commission under the statute to condemn the land in question coupled with the acceptance of a bond by the plaintiffs giving the Pennsylvania Turnpike Commission the right to immediate possession thereof make it an indispensable party to this action. Mones-sen Borough v. Monessen Water Company, 243 Pa. 53, 89 A. 829; State of Washington v. United States, 9 Cir., 87 F.2d 421; Iowa Southern Utilities Co. v. Town of Lamoni, D.C., 11 F.Supp. 581; Midland Borough v. Steubenville, etc., Traction Co., 300 Pa. 134, 150 A. 300.

Therefore, after reconsideration and review, the previous ruling on the motion to dismiss is vacated, and in its stead the motion to dismiss is allowed and the temporary restraining order herewith dissolved.