**VALLEY FORGE GOLF CLUB, a Pennsylvania Corporation**

v.

**L. G. DE FELICE & SON, Inc., a Connecticut Corporation.**

**Civ. A. No. 16646.**

United States District Court
E. D. Pennsylvania.

July 15, 1954.

Cassin W. Craig, Norristown, Pa., for plaintiff.

Zink, Shinehouse & Holmes, Philadelphia, Pa., Frank A. Sinon, Harrisburg, Pa., for defendant.

LORD, District Judge.

The plaintiff is the owner of a golf course near the King of Prussia interchange of the Pennsylvania Turnpike. For the purpose of widening the approaches to the Turnpike, the Pennsylvania Turnpike Commission condemned

a strip of ground along the plaintiff's northern boundary. Thereafter, the defendant, contractor for the Commission, constructed a drainage pipe extending beyond the take a distance of approximately 200 feet into plaintiff's land. The plaintiff alleges that this drainage pipe discharges water, mud and silt on the uncondemned ground for a distance of some 1,500 to 2,000 feet across the breadth of the plaintiff's land.

Plaintiff brings this action to recover for the alleged trespass and its consequent damages.

The defendant has filed a motion to dismiss the present action and assigns the following reasons: (1) non-joinder of an indispensable party, leading to a lack of jurisdiction, and (2) the pendency of prior actions.

 If indispensable parties, as determined by state law, have not been joined, the court will order them brought in. Martin v. Better Taste Popcorn Co., Inc., D.C.S.D.Iowa 1950, 89 F.Supp. 754. Whether a party is indispensable will be determined, in diversity cases, by the state law. Dunham v. Robertson, 10 Cir., 1952, 198 F.2d 316. Defendant contends the Pennsylvania Turnpike Commission is such a party; and that since there is no diversity of citizenship between plaintiff and the Commission, the action should be dismissed for lack of jurisdiction. Charne v. Essex Chair Co., D.C.N.J.1950, 92 F.Supp. 164.

 Is the Pennsylvania Turnpike Commission an *indispensable party?* As defined in Shields v. Barrow, 1855, 17 How. 129, 58 U.S. 129, 130, 15 L.Ed. 158, and adopted in many jurisdictions, including Pennsylvania, a party is indispensable when he has such an interest that a final decree cannot be made without affecting it or leaving the controversy in such a condition that the final determination may be wholly inconsistent with equity and good conscience. McArthur v. Rosenbaum Co., 3 Cir., 1950, 180 F.2d 617; Fineman v. Cutler, 1922, 273 Pa. 189, 116 A. 819. No relief is sought from the Commission. The only interest of the Commission stems from a contractual relationship with the defendant. A final determination in this suit against the defendant construction company alone is not such a result as can be termed wholly inconsistent with equity and good conscience. It will not finally determine the rights or liabilities of either the Commission or the defendant under the contract. Any liability of the Commission on its contract with defendant must still be ascertained in an appropriate action by the defendant against the Commission.

 Defendant argues that the provision for payment of damages and condemnation under the Pennsylvania Turnpike Philadelphia Extension Act, Act of May 16, 1940, P.L. (1941) 949, Extra Session; 36 P.S. § 653, is such a provision as to make the Commission solely responsible and that therefore the Commission is an indispensable party in this action. However, the Act merely authorizes an action by plaintiff against the Commission for proper damages. The giving of a new right cannot be construed as taking away a previously recognized right, without express words to that effect. A well recognized right of a landowner is that he has a cause of action against any party who has committed a trespass on his lands. There is strong public policy which dictates that a tort-feasor should be personally answerable for injuries which he inflicts on third persons, or their land, *regardless of whether or not* he is acting *as agent or servant of another.* This is a well recognized rule of law. Thus, it does not follow that, because the Act authorizes payment by the Turnpike Commission for damages, the contractor may not be sued as the tort-feasor. The contractor actually committed the tort. Whether he has a right of indemnification against the Commission is determined by the express or implied terms of his contract with the Commission. If the contractor does have a right to bring in the Commission as additional defendant or as sole defendant, it is not the concern of plaintiff. Plaintiff has plead-

ed that a tort has been committed against him by the contractor. Consequently, the contractor may be sued for his trespass and consequent damages. The indispensability of the Turnpike Commission is not evident under these circumstances.

 The plaintiff's acceptance of the Commission's bond for damages is not an admission that the Commission is an indispensable party or solely responsible. The bond would be accepted by plaintiff as security for future damages as provided by the Statute. 36 P.S. § 653i. In any event, the acceptance of the bond cannot prejudice plaintiff's rights against other tort-feasors. The tendering of the bond gave the Commission only a right to *immediate possession* of the land condemned. 36 P.S. § 653i.

The case of Mullen v. Geo. M. Brewster and Sons, D.C., 125 F.Supp. 173, can have no application to the present case. There the plaintiff requested a preliminary injunction against further trespass of defendant, which would have affected a substantial interest of the Commission by preventing further construction of the Turnpike. In addition, in that suit the plaintiff claimed there was a further actual *taking* of his land. However, in the present case, plaintiff merely seeks *damages* for the trespass done. The recovery of damages against a defendant tort-feasor (contractor) is not such an occurrence as will make the Commission an indispensable party, nor will it prevent the furtherance of construction of the road.

The Court fails to find that the Pennsylvania Turnpike Commission is an indispensable party; consequently, the motion of dismissal on grounds of non-joinder of an indispensable party and on the ground of lack of jurisdiction is denied.

 The defendant also seeks dismissal of the action on the ground of pendency of prior actions in the State Courts. As to plaintiff's pending action against the Turnpike Commission, this is merely an additional remedy he has against a *different* tort-feasor. The

plaintiff, in any event, will be entitled to only one recovery for the trespass damages no matter how many actions he institutes. As to the pending action against the defendant in the State Court, plaintiff has met with venue problems and the very same defense as to the non-joinder of an indispensable party defendant. Accordingly, the Court feels that there is nothing in these facts to alter the decision of the Court, in the exercise of its discretion, in refusing to dismiss the action because of the pendency of prior actions in a State Court.