## Bear Creek Realty Co., Inc., v. Badgett Mine Stripping Corp.

*John L. McDonald* and *Donald Mills,* for plaintiffs.

*Herman E. Cardoni* and *Henry Thalenfeld,* for defendant.

*Hopkin T. Rowlands,* for Pennsylvania Turnpike Commission.

PINOLA, J., July 18, 1956.—On July 5, 1956, the Bear Creek Realty Company, Inc., Bear Creek Association, Helen Brown Daugert and 24 other individuals filed a complaint against defendant, seeking to enjoin it from depositing silt in Ten Mile Run which ultimately reaches Bear Creek Lake, to compel it to remove the mud accumulated therein, to require it to restock the stream and lake with fish and to pay $250,000 damages.

A rule was granted by President Judge Valentine on defendant to show cause why a preliminary injunction should not be granted, returnable July 10, 1956, at which time testimony was taken.

From the evidence it appears that defendant is engaged in the construction of a portion of the Northeastern Extension of the Pennsylvania Turnpike, authorized by the Act of September 27, 1951, P. L. 1430, 36 PS §660.1 et seq.

Following a deep rock cut at the top of Wyoming Mountain, it developed that water collecting in the cut and flowing normally in a northerly direction down the mountainside entered a reservoir of the Scranton-Spring Brook Water Service Company, the water of which is used by the utility for drinking purposes. The Spring Brook Company complained to the turnpike commission and, thereafter, the commission prepared a plan which they require defendant to follow, through which the water accumulating in the rock cut is pumped in an easterly direction over the top of the mountain through two parallel six-inch lines a distance of 3,400 feet and discharged on the right-of-way of the turnpike. Thereafter the water finds its way into Ten Mile Run and thence into Bear Creek. The water contains fine sediment which muddies the stream and the lake and accumulates as a deposit on the bed of the stream and the bed of the lake.

Plaintiffs contend that the conduct of defendant is tortious and must be enjoined.

Counsel for defendant, by preliminary objections filed, insist that no injunction can be granted because the work of defendant is being done in furtherance of the plan adopted by the turnpike commission and the acts of defendant are not negligent in themselves; furthermore, that the turnpike commission is an indispensable party.

On July 18, 1956, counsel for the turnpike commission filed a petition asking that it be allowed to intervene, and to file two preliminary objections, the one that the turnpike commission is an indispensable party, and the other that the action should have been insti-

tuted in the courts of Dauphin County as required by section 6, paragraph (c), of the Pennsylvania Turnpike Northeastern Extension Act, supra.

Plaintiffs own a lake about 75 acres in area and they and their fellow residents of Bear Creek own approximately 56 homes. All of them use the stream and lake for fishing and bathing.

We believe that it is most unfair for the turnpike commission to select a person or persons whom its work will damage, and in this case to select the owners of many beautiful properties who have expended much money in beautifying the streams leading to Bear Creek and Bear Creek Lake itself.

We do not believe that the turnpike commission has exhausted all possibilities for avoiding this damage. Why cannot filters be attached to the end of the pipelines taking the sediment from the water?

We regret that we are powerless to grant the relief sought.

The injury here is the necessary consequence of the execution of the plan adopted by the turnpike commission. It is not the consequence of negligence in executing the plan. Under such circumstances, the damages must be assessed by viewers.

If an injunction were granted, it would delay and prevent the construction of the turnpike. It would, therefore, affect a substantial interest of the commission. This renders the Pennsylvania Turnpike Commission an indispensable party: Mullen v. George M. Brewster & Sons, Inc., 125 F. Supp. 173. Accordingly, we have permitted it to intervene.

Part of paragraph (c), section 6, of the Pennsylvania Turnpike Northeastern Extension Act, 36 PS §660.6, supra, expressly provides:

". . . That any and all actions at law or in equity against the Commission shall be brought only in the proper courts at the County of Dauphin."

Even in the absence of such a provision, Pa. R. C. P. (Equity) 1503(c), would require that the action be brought in Dauphin County.

We are, therefore, required to sustain the preliminary objections filed by both defendant and the commission.

Accordingly, we enter the following

*Order*

Now, July 18, 1956, at 2 p.m., the preliminary objections filed by defendant and by the Pennsylvania Turnpike Commission are sustained and the complaint is dismissed.