## Hess v. M. Aaron Company

*Caldren & Adams,* for plaintiff.

*Ray, Buck, Margolis, Mahoney & John,* for defendants Aaron and Sheetz.

*Berkman, Ruslander, Pohl, Lieber & Engel,* for defendant M. Aaron Company.

CICCHETTI, *J.,* November 7, 1977 — Before the court en banc are numerous preliminary objections on behalf of the three defendants, M. Aaron Co., Jane S. Aaron and Jack A. Sheetz, III. (M. Aaron Co. is a Pennsylvania corporation, with its principal place of business located in Connellsville, Fayette County, Pennsylvania.) The preliminary objections are in response to a complaint filed by Millard D. Hess, alleging three causes of action. The first names only defendant Jane S. Aaron (Mrs. Aaron), and alleges that plaintiff was damaged because of a purported scheme by which this defendant would acquire a controlling interest in M. Aaron Co., to the detriment of plaintiff, and that this action constitutes a breach of the duty owed by a majority stockholder to the minority. The activity involved in the alleged scheme was the purchase of 75 percent of the stock of the corporate defendant from a trust held and administered by a Michigan trustee.

The second cause of action in which all three defendants are named, is in the nature of a derivative shareholder's action, and includes an allegation that plaintiff has been wrongfully refused admittance to the place of business and access to corporate records to which he, as a stockholder and director, is entitled. The third cause of action is against only the corporate defendant, and sounds in assumpsit. It is alleged that plaintiff's employment as general manager was wrongfully terminated by M. Aaron Co., and that he was not fully compensated according to the terms of his employment contract partly as a result of a failure to pay bonuses based on corporate profits.

Because many of the objections are advanced by all defendants, and in order to better organize our consideration of the parties' contentions, the preliminary objections have been considered in four groups.

## I. Jurisdiction over Jane S. Aaron.

Defendant Jane S. Aaron challenges the jurisdiction of this court to render against her any in personam judgment on either the first or second action in the complaint. Plaintiff argues that service may be accomplished by registered mail, pursuant to Pa. R.C.P. 2079, applicable in equity by Rule 1501. Rule 2079 authorizes such service only if a cause of action is within those enumerated in Rule 2077, which requires statutory authorization for service upon a nonresident or a resident who becomes a nonresident or who conceals his whereabouts, or a nonresident individual engaged in business within the Commonwealth. Plaintiff relies on Pennsylvania's Long Arm Statute of November 15, 1972, P.L. 1063, sec. 8301 et seq.,

42 Pa. C.S.A. §8301 et seq., for his statutory authorization.

There is no dispute that Mrs. Aaron is a nonresident, her address being Bloomfield Hills, Michigan. She argues, however, that she is not within the provisions of the statute authorizing service. Plaintiff contends she comes within either sections 8304 or 8305.

Section 8304 allows substituted service on the Department of State followed by service by registered mail on defendant when that defendant is, individually or through an agent or fictitious business name, "doing business" in Pennsylvania. Section 8309 (a) defines the term "doing business" for purposes of this statute, and requires in general, the doing of an act or a series of acts in or involving Pennsylvania, the purpose of which is the realization of pecuniary benefit. The issue in the present case is whether a nonresident director-officer of a Pennsylvania corporation is within this provision. The court is of the belief that the statute does not apply and that service under Rule 2079 is ineffective to establish jurisdiction over Mrs. Aaron.

The statutory definition of doing business requires some act, by him over whom jurisdiction is sought, within the Commonwealth. It has been held that, before the Long Arm Statute applies to corporate officers and/or directors, the activities which predicate jurisdiction must have been done in the capacity of individuals, and not that of corporate officials. Activities as directors or officers are irrelevant to the exercise of in personam jurisdiction over them as individuals: Miller v. American Telephone & Telegraph Co., 394 F. Supp. 58 (E. D. Pa. 1975). The allegations of the case at bar

do not demonstrate activities within Pennsylvania of the requisite character to invoke jurisdiction under section 8304. Mrs. Aaron, as an individual, has not been shown to be doing business within the Commonwealth. Her connection with a Pennsylvania corporation, alone, is not "doing business" within the statutory definition.

Plaintiff also relies upon section 8305, which permits substituted service whenever a nonresident acts outside the Commonwealth, the result of which act is harm within the state. It is argued that acts of Mrs. Aaron have caused economic harm to both plaintiff, a Pennsylvania resident, and a Pennsylvania corporation. The first cause of action alleges that acts of Mrs. Aaron, caused a decrease in the value of plaintiff's share of the corporation; the second alleges that these actions resulted in financial loss to the corporation. Section 8305 has been read to require that the cause of the harm, not merely its effect, occur in Pennsylvania: Stifel v. Lindhorst, 393 F. Supp. 1085 (M. D. Pa. 1975), aff 'd without opinion, 529 F. 2d 512, cert. den. 425 U. S. 962, 48 L. Ed. 2d 207 (1976). Also, the in-state injury must be direct, and not merely the residual effect of an out-of-state injury: Shong Ching Lau v. Change, 415 F. Supp. 627 (E. D. Pa. 1976). However, the harm experienced may be economic in nature.

Miller v. A. T. & T., supra, states that, even if harm is caused in Pennsylvania, it is not enough that it amount to simply indirect harm to stockholders because of the act of corporate directors. This, said the District Court, violated due process unless the individual directors had sufficient contact with the forum state to permit jurisdiction to attach to them personally. Again, the contact must

have been while acting in an individual capacity; those solely as officers and directors are insufficient. The contracts of Mrs. Aaron, alleged to provide the underpinnings of jurisdiction, were all as a director of M. Aaron Co., so that this court may not exercise jurisdiction under section 8305.

Since the court is without personal jurisdiction over Jane Aaron, plaintiff's first cause of action must be dismissed in its entirety, and his second cause of action must be dismissed as it relates to her. Further objections filed by Mrs. Aaron need not be decided.

## II. Propriety of Second Cause of Action

Plaintiff's second cause of action, now with Jack A. Sheetz, III and M. Aaron Co. properly before the court as party defendants, seeks to enforce a right of the corporation. This, then, is in the nature of a derivative shareholder's action brought on behalf of the corporation. Such an action is authorized by section 516 of the Business Corporation Law of May 5, 1933, P.L. 364, as amended, 15 P.S. §1516, and the provisions of that statute must be met before it may be maintained. Both party defendants challenge this action as improper and, alternatively, have filed objections in the nature of a demurrer.

It is argued that plaintiff has failed to allege, as required by Pa. R. C. P. 1506(2), that he has made a demand on the corporation to seek to enforce its own right. But, in paragraph 28 of the complaint, it is alleged that such a demand would not be required since the two individuals named as defendants, whose wrongdoings allegedly damaged M. Aaron Co., are effectively in control of the corporation. Thus, by implication, at least, it is alleged

that such a demand under Rule 1506(2) would be futile. In such a case, a demand is not required: Evans v. Diamond Alkali Company, 315 Pa. 335, 172 Atl. 678 (1934). Although it may be desirable to more fully explain the reasons for the futility, paragraph 28, in conjunction with the allegations concerning ownership of stock and occupancy of positions in the Board of Directors, is sufficient to meet the requirements of Rule 1506(2).

Since this condition has been met, the derivative action is, procedurally, properly on the equity side of the court. Plaintiff, contrary to defendants' arguments, is pursuing the stockholders' remedy provided by section 516 of the Business Corporation Law. Therefore, preliminary objections challenging the propriety of this action are dismissed.

A similar argument has been raised respecting plaintiff's request for equitable relief allowing him to inspect records of the corporation. The right to such inspection is granted by section 308B of the Business Corporation Law, 15 P.S. §1308B. Defendants argue that this right is not enforceable in equity, so that this portion of the second cause of action should be dismissed. However, enforcement of this right may be either by an action in mandamus or by an equitable action seeking a mandatory injunction: the latter when joined with a shareholder's suit, and inspection is necessary for the prosecution of the equity action: Hagy v. Premier Manufacturing Corp., 404 Pa. 330, 172 A.2d 2836 (1961).

The next challenge to the second cause of action is in the nature of a demurrer advanced by M. Aaron Co. This defendant argues that the allegations provide no basis for recovery against it. However, it must be remembered that, in the cause of

action labelled second, plaintiff has alleged primarily a derivative cause of action, one which seeks to enforce a right of the corporation which it will not enforce for itself. In such a suit, recovery is not had against the corporation, but procedure demands that the corporation be listed as a party defendant. Thus, the corporation's preliminary objection in the nature of a demurrer must be overruled.

The net result of this reasoning is that the second cause of action may proceed against the two defendants, M. Aaron Co. and Jack Sheetz. Although Sheetz requests that it be dismissed because plaintiff has an adequate remedy at law, this cause of action is properly in equity, since it is a derivative shareholder's action to enforce a right actually belonging to the corporation.

Finally, the corporation seeks to have this action dismissed because ". . . even if the allegations were taken as true, plaintiff has failed to state any material facts upon which a cause of action can be based against [the corporate] defendant as required by Pa. R. C. P. 1019 (a)." Material facts are those which are essential to show the liability which is sought to be enforced: 2 Goodrich-Amram 2d §1019(a):2 (1976). Again, in an action such as this, the corporation is a nominal defendant, even though the action does not, in reality, seek recovery against it. All that need be alleged against the corporation is that it has failed to enforce the right on its own behalf after a demand on it to do so, or that such a demand would be futile. This requirement, as discussed above, has been met, so that the second cause of action may proceed against the corporation and defendant Sheetz.

### III. *Propriety of Action for Breach of Contract*

The corporation has also filed objections to plaintiff's third cause of action, the first requesting dismissal because of the existence of an adequate remedy at law, the second arguing that equity has no jurisdiction over an action based on the alleged breach of an employment contract. Plaintiff argues that, since equity may properly hear a derivative action, it may also hear legal causes of action based on the same facts between the same parties. This argument is based on the principle that: "[o]rdinarily a Court of Equity has no jurisdiction to award damages for tortious or illegal acts, but this is subject to the well recognized principle that once equitable jurisdiction has attached, Equity has jurisdiction to do *complete* justice between the parties and, inter alia, award damages for tort (or for breach of contract), as well as grant other equitable relief: (Citation)." (Emphasis in original.) Wortex Mills v. Textile Workers Union of America, 380 Pa. 3, 11, 109 A.2d 815 (1954). See, also, DeLuca v. Buckeye Coal Co., 463 Pa. 513, 345 A.2d 637 (1975).

However, this principle does not apply to a case such as that before the court. It has been used in cases in which the damages are awarded for injuries caused by defendants' activities which are subjected to the equitable relief sought. See, e.g., Wortex Mills, supra; Fountain Hill Underwear Mills v. A. C. W. U. A., 393 Pa. 385, 143 A.2d 354 (1958). But, when that condition has not been met, such joinder is impermissible, because Rule 1508 allows joinder of two or more causes of action only if each is, itself, cognizable in equity. Thus, where a legal cause of action has been joined with an equitable action in a complaint in equity, the prin-

ciple that once jurisdiction has attached, equity will do complete justice does not justify the misjoinder: 8 Standard Pa. Pract. §160, 175-176.

In the case at bar, the fact that the alleged breach of plaintiff's employment contract is also argued to be one of the elements of the derivative shareholder's action does not render the joinder permissible. The third cause of action does not seek damages on behalf of the corporation for actions for which equitable relief is sought in the second; rather, the third seeks damages from the corporation for breach of the employment contract, which damages would be paid directly to plaintiff. Such joinder violates Rule 1508 and is outside the exception to the general rule above stated, since the third cause of action is an attempt to enforce a direct right of the individual plaintiff and the equitable action seeks to, derivatively, enforce a right belonging to the corporation. Plaintiff's third cause of action must be dismissed.

Because of this dismissal, no further objections to the third cause of action need be discussed.

## IV. Motions to Strike and For More Specific Pleadings

The final group of objections contains a series of challenges, in the form of either a motion to strike or a motion for a more specific pleading, to individual paragraphs of the complaint. Since we have dismissed the third cause of action and, by determining that this court has no jurisdiction over Mrs. Aaron, have effectively dismissed the first, only these objections dealing with the derivative cause of action need be addressed. All have been filed by defendant Sheetz.

164

The first challenge is to paragraph 23 which alleges that Sheetz had no knowledge of the furniture business, so that his appointment as president of the corporation had no business purpose. It is asked that this paragraph be stricken as scandalous or impertinent. Paragraph 23 is but one of the allegations upon which the action is based; as such, it is certainly pertinent to the charge that, together, Mrs. Aaron and Sheetz mismanaged the corporate business so as to produce a financial loss where profits had previously been shown. In addition, the allegations relating to Sheetz's lack of business acumen is not of the type to require striking as scandalous. This objection will be overruled.

The next objection asks that paragraph 26 be stricken for failure to aver with particularity the time and place of each of defendant's wrongful exclusions of plaintiff from the corporate records and place of business. This argument invokes Rule 1019(f) which requires averment of time, place and special damages to be specifically stated. Since this paragraph states that the exclusions have been from the place of business, the place has been pled with sufficient specificity. Furthermore, the time of each exclusion, while, perhaps, relevant if the relief sought would be only the enforcement of the right of inspection granted by section 308 of the Business Corporation Law, 15 P.S. §1308, is not as relevant for the derivative action as a whole. The allegation is that since December, 1973, plaintiff has been continually excluded, so that the relevance of the allegation is to show a continual exclusion of plaintiff from the records and place of business, when plaintiff was both a director and the former general manager with a

working knowledge of the corporate business. Because the paragraph is relevant to allege a course of conduct on the part of Sheetz and Mrs. Aaron, the preliminary objection in the nature of a motion to strike is overruled.

Similarly, we overruled defendant's preliminary objection, in the nature of a motion for a more specific pleading, which related to paragraph 26. Again, this paragraph alleges a course of conduct and not isolated instances, so that it is adequately specific to permit an answer by defendant Sheetz.

Sheetz also requests that paragraph 27 of the complaint be amended to more specifically detail damages. Rule 1019(f) is invoked, arguing that this paragraph deals with special damages. However, paragraph 27 merely states that the actions of Sheetz and Mrs. Aaron have caused financial harm to the corporation, which harm will continue. This is not the type of damages contemplated by Rule 1019(f). This rule requires a plaintiff to specifically state damages, proximately caused by the injury or harm sustained, which are not foreseeable: 2A Anderson Pa. Civ. Prac. §1019.66. Paragraph 27 does not deal with this category of damages, and is adequate pleading under the Rules. This objection must be overruled.

The final objection challenges the specificity of paragraph 25 for failing to list dates and times and for failing to designate whether any of the transactions are evidenced by a writing. This paragraph enumerates the actions of defendant Sheetz and Mrs. Aaron which allegedly resulted in harm to the corporation. All of these activities are such that their occurrence or non-occurrence should be readily determinable by examination of corporate records, with the wrongfulness of any of them re-

maining for the court. These records are equally available, if not more so, to Sheetz because of his position as president as they are to plaintiff. While in some cases a more specific itemization may be desirable, paragraph 25 is specific enough to require that defendant's objection be overruled. Of course, defendant may still avail himself of discovery procedures to augment the information contained in the complaint, if needed.

For the above stated reasons, the court issues the following

ORDER

And now, November 7, 1977, it is hereby ordered that:

(1) Preliminary objections, numbered 1 and 11, of Jane S. Aaron, in the nature of a petition raising a question of jurisdiction are granted, and cause of action labelled first and that part of plaintiff's second cause of action relating to Jane S. Aaron only are dismissed.

(2) Preliminary objection of M. Aaron Company, alleging that, as to plaintiff's third cause of action, an adequate remedy at law is available so that equity is without jurisdiction, which objection is number 8 in the pleading, is sustained and plaintiff's third cause of action is certified to the law side of this court, as required by Rule 1509(c).

(3) All other objections, filed by the three named defendants, are overruled, either because they are unnecessary to our decision or because they are denied on the merits as discussed in the opinion to which this order is attached.