**LAUREL PIPE LINE COMPANY, a Ohio Corporation, Plaintiff,**

v.

**BETHLEHEM MINES CORPORATION, a West Virginia Corporation, Defendant.**

**Civ. A. No. 84–2415.**

United States District Court, W.D. Pennsylvania.

Jan. 8, 1986.

John David Rhodes, Thompson, Rhodes & Cowie, Pittsburgh, Pa., for plaintiff.

Stanley R. Geary, Rose, Schmidt, Dixon & Hasley, Pittsburgh, Pa., for defendant.

OPINION

COHILL, Chief Judge.

Plaintiff, an Ohio corporation with its principal place of business in Pennsylvania, owned an easement over certain land subject to Defendant's underground mining operations. Plaintiff alleges, in its complaint, that Defendant is a West Virginia corporation, that Defendant conducted underground mining operations in the vicinity of Plaintiff's easement on October 16, 1982, and that as a result of Defendant's activity, Plaintiff's pipeline ruptured. Count I of the complaint sounds in negligence and Count II in strict liability, both of which are common law tort theories. Neither count mentions any federal or state law specifically. The complaint generally avers that this Court has jurisdiction under 28

U.S.C. § 1332 based on diversity and under 30 U.S.C. § 1270, the Surface Mining Control and Reclamation Act of 1977 ("SMCRA").

Subsequent to filing the complaint, Plaintiff has conceded a lack of diversity since it has determined through discovery that the Defendant, although incorporated in West Virginia, has its principal place of business in Pennsylvania. Plaintiff's only remaining basis for federal jurisdiction is under SMCRA.

Defendant has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, which motion is the subject of this opinion. In its brief, Defendant argues that under SMCRA, Pennsylvania was subject to interim federal regulation from May 8, 1978 until July 31, 1982, the date on which Pennsylvania's state regulations were conditionally approved. Thus, according to the legislative intent of SMCRA, after July 31, 1982, Defendant alleges that it was subject only to Pennsylvania law. Defendant also argues that, even if SMCRA still governed its conduct after conditional approval, the interim regulations did not regulate subsidence or the surface effects thereof. Since we find Defendant's first argument persuasive, we will not address the second argument.

Section 520 of SMCRA provides a private right of action for citizens to compel compliance with the Act and to collect damages where a violation of the Act has caused him damage.

a) Except as provided in subsection (b) of this section, any person having an interest which is or may be adversely affected may commence a civil action on his own behalf to compel compliance with this chapter—

  (1) against the United States or any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution which is alleged to be in violation of the provisions of this chapter or of any rule, regulation, order or permit issued pursuant thereto, or against any other person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter; or

  (2) against the Secretary or the appropriate State regulatory authority to the extent permitted by the eleventh amendment to the Constitution where there is alleged a failure of the Secretary or the appropriate State regulatory authority to perform any act or duty under this chapter which is not discretionary with the Secretary or with the appropriate State regulatory authority.

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties.

f) Any person who is injured in his person or property through the violation by any operator of any rule, regulation, order, or permit issued pursuant to this chapter may bring an action for damages (including reasonable attorney and expert witness fees) only in the judicial district in which the surface coal mining operation complained of is located. Nothing in this subsection shall affect the rights established by or limits imposed under State Workmen's Compensation laws.

SMCRA was designed to establish a nationwide program for regulation of coal mining operations. However, as clearly indicated by the manner in which the Act was structured, the purpose of the federal regulation was to insure that every state implemented a program of regulation which met the minimum standards Congress deemed necessary to protect society and the environment. In *Hodel v. Virginia Surface Mining and Reclamation Association*, 452 U.S. 264, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981), the Court explains the legislative scheme behind SMCRA.

The Secretary of the Interior (Secretary) has primary responsibility for administering the Act by promulgating regulations and enforcing its provisions. A two-stage program for the regulation of surface mining—an interim phase and a

permanent phase—is established; and environmental protection performance standards are prescribed. Ultimately, a regulatory program is to be adopted for each State, either by approval of a State's proposed permanent program that meets federal minimum standards, or by adoption of a federal program for any State that chooses not to submit a program. Enforcement of the permanent programs rests either with the participating State or with the Secretary as to nonparticipating States.

452 U.S. at 267, 101 S.Ct. at 2355.

■ Thus, in participating states, enforcement rests with the state and not with the federal government. The state is given primary responsibility for achieving the purposes of SMCRA. *In re Permanent Surface Mining Regulation Litigation,* 653 F.2d 514, 519 (D.C.Cir.), *cert. denied,* 454 U.S. 822, 102 S.Ct. 106, 70 L.Ed.2d 93 (1981).

■ Pennsylvania is a participating state. Included in its approved program is a chapter entitled the Bituminous Mine Subsidence and Land Conservation Act. 52 P.S. §§ 1406.1—1406.21. (Purdons Supp. 1985). It provides for private actions to compel enforcement and award damages as follows:

(a) *Commonwealth Court and the courts of common pleas* shall have the power to award injunctions to prevent violations of this act and otherwise to provide for its enforcement upon suit brought by the department or the county commissioners of any county, the mayor of any city, borough or incorporated town, or the board of township commissioners or supervisors of any township in which the mining of bituminous coal is conducted, or *upon the suit of any property owner affected by* such bituminous coal mining, without the necessity of posting a bond on application for a permanent injunction, but a bond may be required on the granting of a temporary restraining order.

(b) Except as provided in subsection (d), *any person having an interest* *which is or may be adversely affected may commence a civil action on his own behalf to compel compliance* with this act or any rule, regulation, order or permit issued pursuant to this act *against the department* where there is alleged a failure of the department to perform any act which is not discretionary with the department *or against any other person who is alleged to be in violation of any provision of this act* or any rule, regulation, order or permit issued pursuant to this act. Any other provision of law to the contrary notwithstanding, *the courts of common pleas shall have jurisdiction of such actions,* and venue in such actions shall be as set forth in the Rules of Civil Procedure concerning actions in assumpsit.

(f) The court, in issuing any final order in any action brought pursuant to subsection (b), may award costs of litigation (including attorney and expert witness fees) to any party, whenever the court determines such award is appropriate. The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond or equivalent security under the Rules of Civil Procedure.

52 P.S. § 1406.13 (Emphasis added). *See Deluca v. Buckeye Coal Co.,* 463 Pa. 513, 345 A.2d 637 (1975) (construing this section as providing a private right of action in state court for damages as well as injunctive relief).

This section also provides for actions by the department in either state or federal court. Private citizens may intervene in those actions but may not initiate them.

(d) No action pursuant to subsection (b) may be commenced prior to sixty days after the plaintiff has given notice in writing of the violation to the department and to any alleged violator, nor may such action be commenced if the department has commenced and is diligently prosecuting a civil action in a court of the United States or a state to require compliance with this act or any rule, regulation, order or permit issued

pursuant to this act, but in any such action in a court of the United States or of the Commonwealth any person may intervene as a matter of right.

52 P.S. § 1406.13(d).

Since we find that SMCRA has given primacy to states which have adopted approved state regulation, and Pennsylvania has adopted such regulations, which do not provide for private actions in federal court unless initiated by the State Department of Environmental Resources, we find that we have no subject matter jurisdiction under § 520 of SMCRA. 30 U.S.C. § 1270. Thus, we will dismiss this action for lack of subject matter jurisdiction and instruct the Plaintiff to proceed in state court in accordance with 52 P.S. § 1406.13.

An appropriate order will follow.