419 A.2d 167

**Theodora ROSENBERG**

v.

**David E. ROSENBERG, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed March 21, 1980.

Gordon David Fisher, Pittsburgh, for appellant.

Stanley Greenfield, Pittsburgh, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the Court of Common Pleas of Allegheny County, Family Court Division, and involves appellant–defendant's appeal from an order of court which upheld the plaintiff–appellee's claim that Pennsylvania Rule of Civil Procedure 1510(b) is unconstitutional because it is in violation of Article I, Section 6 of the Pennsylvania Constitution, guaranteeing the right to trial by jury.

Plaintiff and defendant were formerly husband and wife. They were divorced on September 15, 1976 after entering into a written property settlement, support and custody agreement which was dated September 8, 1976.

Plaintiff–wife initiated an action in equity against her ex–husband alleging that he had not complied with various terms of the agreement. The Complaint sought equitable relief. Defendant then filed a Counterclaim to the Complaint alleging that plaintiff had not vacated the former marital abode contrary to the terms of the agreement. The Counterclaim alleged that plaintiff's refusal to vacate the said premises had resulted in the loss of a prospective buyer for the unique premises. The Counterclaim alleged damages of $375,000 and was filed as a Trespass (Count I) and Assumpsit (Count II) action. Plaintiff then filed Preliminary Objections to the Counterclaim alleging, inter alia, that she had a right to have the issues raised in defendant's counterclaim tried by a jury since the action was brought in Trespass and Assumpsit.

*Pennsylvania Rule of Civil Procedure 1510(b)* mandates that a counterclaim to an equity action "shall be pleaded and tried as an action in equity". This rule was adopted January 4, 1952 and became effective July 1, 1952.

The court below dismissed all of plaintiff's preliminary objections save the one alleging the unconstitutionality of Rule 1510(b), supra. The court below held that said rule violated Article I, Section 6 of the Constitution of Pennsylvania which provides as follows:

> "Trial by jury shall be as heretofore, and the right thereof remain inviolate".

The court below then held that plaintiff was entitled to a trial by jury on the defendant's Counterclaim and that *Rule 1510(b)*, supra, which mandated that all Counterclaims filed to actions in equity, whether legal or equitable, be tried in equity was violative of Article I, Section 6 of the Pennsylvania Constitution. Defendant then took this appeal.

■ Article I, Section 6 of the Pennsylvania Constitution does not permit a jury trial in an ordinary equity action. *Schwab v. Miller*, 302 Pa. 507, 153 A. 731 (1931). Thus, it is clear that neither plaintiff, nor defendant has the right to a jury trial on plaintiff's action in equity against the defendant. The court below ruled, however, that when a counterclaim raising legal (as opposed to equitable) allegations is filed to the equity action a jury trial is allowed on the counterclaim. The court concludes that in such an instance either one of two situations must prevail:

> "(a) the complaint and counterclaim are tried together with the chancellor determining the equitable portion and the jury the legal; or
>
> (b) the complaint and counterclaim are severed with the result being that *there are still* two tribunals for the same issues and parties."

■ We do not agree with the court's conclusion. The principal that equity has jurisdiction to do complete justice

between the parties is a long established one. *Wortex Mills v. Textile Workers U. of A.*, 380 Pa. 3, 109 A.2d 815 (1954). Moreover, due process problems are inherent in a situation where a chancellor under equitable principles hears the complaint and a jury hears the counterclaim under legal principles where the issues raised in both the case in chief and the counterclaim are the same. Such would be the case in the instant matter as both parties' actions arise out of the same agreement. Furthermore, having two different tribunals rule on the same dispute, could very well result in problems of collateral estoppel, thereby working an injustice to one of the parties. It would also result in a burdensome, cumbersome procedure which would not be in the best interests of judicial expediency and would cause great confusion to lawyers, judges and the parties to the litigation. Article I, Section 6 of the Pennsylvania Constitution does not extend the right to a jury trial where such a right did not heretofore exist. The appellee has failed to cite any cases recognizing this right "heretofore". The case of *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), cited by the court below in its opinion, does not compel a different result. That case concerned a suit brought pursuant to The Declaratory Judgment Act, *28 U.S.C. 2201*, which Act specifically preserved the right to a jury trial for both parties. The Court went on to state that "in the Federal Courts this right [jury trial] cannot be dispensed with, except by the assent of the parties entitled to it, nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action or during its pendency". In that case, however, the plaintiff brought an action under the said Act against the defendant. The defendant then filed an Answer, a Counterclaim, and a Cross–claim against the plaintiff and demanded a jury trial. The Federal District Court then directed that all of the issues be tried in equity together thereby depriving defendant of the right to have a jury determine the facts of the case. The Supreme Court

reversed the district court and ruled that the defendant had the right to have a jury try the case. In the instant case it was the plaintiff who instituted the original action in equity and, when the defendant filed a counterclaim, insisted on having the counterclaim heard by a jury. The plaintiff, therefore, made the initial selection to proceed in equity. As such she waived her right to a trial by jury on matters arising out of the same occurrence or transaction, in this case, the contract of September 8, 1976 out of which both the original complaint and the counterclaim both arose. We hold that when a litigant chooses to initiate an action in equity that he has assented to have all matters arising out of the same occurrence or transaction decided by the equity court and has, therefore, waived the right to a jury trial with respect to the case in chief or any properly maintained counterclaim. Likewise, a defendant who files a legal counterclaim to an equitable action, rather than asserting it as a separate action at law, has waived any right to have the issues of fact thus raised tried by a jury. See *17 A.L.R. 3rd 1321 et seq.* We are not unmindful of the fact that other jurisdictions have been divided over this issue. We feel, however, that justice will best be served by adhering to the less confusing and burdensome procedure as set forth in *Rule 1510(b)* and having all of the issues relative to the same occurrence or transaction resolved in one proceeding as has been the practice in this Commonwealth in the past. The cause of judicial expediency and the timely resolution of conflicts will also be advanced by adhering to this procedure. Because we have held that the plaintiff in the instant case chose to waive any right to a jury trial when she initiated the original action in equity we hold that no conflict exists between *Rule 1510(b)* and Article I, Section 6 of the Pennsylvania Constitution.

Order reversed, matter remanded that all actions shall be tried in equity.

PRICE, J., concurs in the result.