471 A.2d 863

**Steven SOLOMON, Appellant,**

**v.**

**SENTRY INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 13, 1983.

Filed Feb. 3, 1984.

Petition for Allowance of Appeal Denied April 16, 1984.

---

330

James L. Womer, Philadelphia, for appellant.

Mark Charles Schultz, Norristown, for appellee.

Before SPAETH, President Judge, and MONTEMURO and POPOVICH, JJ.

SPAETH, President Judge:

This is an appeal from an order granting appellee's motion for summary judgment. Appellant argues that the trial court erred in that there remained issues of material fact. We find this argument without merit and therefore affirm.

On May 19, 1981, appellant was involved in an automobile accident, and on June 4, 1981, he filed a complaint in assumpsit and trespass. In Count I of the complaint (as-

sumpsit) appellant alleged that he held a policy of insurance with appellee, that he had requested that appellee make payment to him for the property damage sustained in the accident, and that appellee had refused to negotiate the claim or make payment on it. Appellant demanded damages of $15,000, together with "penalties, attorney's fees, interest and costs." In Count II (trespass) appellant demanded punitive damages, alleging that appellee's denial of payment was intentional and designed to harass appellant.

Appellee filed a motion for summary judgment, alleging that on or about June 11, 1981, *i.e.*, less than 30 days after the accident, it had issued a draft in the amount of $1,930.90 to appellant in full satisfaction of appellant's claim. Appellee also claimed that punitive damages are not recoverable under Pennsylvania law in an action against an insurer for failure to honor a claim. Appellant admitted receiving payment from appellee but denied that it evidenced full payment, alleging that there were still outstanding attorney's fees, interest, costs, transportation expenses and other damages. Appellant also claimed that punitive damages are recoverable under Pennsylvania law in a case of this type.

■ Appellant apparently does not challenge on appeal the grant of summary judgment on Count II of his complaint. In any event, we note that under *Smith v. Harleysville Insurance Company*, 494 Pa. 515, 518, 431 A.2d 974, 975 (1981), and *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company*, 494 Pa. 501, 431 A.2d 966 (1981), summary judgment was properly granted on Count II.

With respect to Count I of the complaint, appellant argues that appellee's payment to appellant for property damage did not satisfy the claims for transportation expense, attorney's fees, interest and costs. The trial court characterized these damage claims as frivolous and did not treat them separately.

■ Appellant made no demand for transportation expenses in his complaint. He therefore may not raise this additional claim for damages in response to a motion for summary judgment.

Appellant's argument with respect to attorney's fees, interest and costs is also without merit, for he is not entitled to these amounts, as a matter of law.

Although appellant did not so state in his complaint, it is apparent that in Count I he sought to recover no-fault benefits from appellee as his insurer. No-fault benefits are defined in the No-Fault Act to include added loss benefits. 40 P.S. § 1009.103. Added loss benefits are defined as those benefits provided by added loss insurance under 40 P.S. § 1009.207. Added loss benefits include benefits for "physical damage to a motor vehicle, a coverage for all collision and upset damage, subject to an optional deductible." 40 P.S. § 1009.207(a)(5). These are the benefits that appellant sought to recover in Count I.

■ The No-Fault Act provides for the recovery of interest and attorney's fees in specified circumstances. No-fault benefits are overdue if not paid within 30 days after receipt by the no-fault insurer of reasonable proof of loss. 40 P.S. § 1009.106(a)(2). Overdue payments bear interest at the rate of 18% per annum. *Id.* It is undisputed that appellant was reimbursed within 30 days of the accident. As appellant's no-fault benefits were therefore not overdue, he has no right to interest.

■ Attorney's fees are recoverable by a claimant if overdue no-fault benefits are paid after the insurer receives notice of representation of a claimant in connection with a claim or action for no-fault benefits. 40 P.S. § 1009.107(1). Attorney's fees are also recoverable if the court determines that the obligor has denied a significant part of a claim without reasonable foundation. Again, it is undisputed that appellant's benefits were not overdue and that appellee did not deny the claim, even though the claim had not yet been

paid when the complaint was filed. Appellant therefore is not entitled to an award of attorney's fees.

■ Finally, costs are ordinarily awarded to the "prevailing party." *Gold & Co. v. Northeast Theater Corp.*, 281 Pa.Super. 69, 421 A.2d 1151 (1980). Appellant can hardly be considered a prevailing party when appellee paid the claim within the time provided by statute and summary judgment was granted in favor of appellee. Appellant is not entitled to an award of costs.

The order of the trial court is affirmed.