Philadelphia Association of School Administrators, Appellant v. The School District of Philadelphia et al., Appellees.

Argued December 7, 1983, before Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

*Barry B. Wohlman,* with him *Ruth J. Hudson,* for appellant.

*Vincent J. Salandria,* Assistant General Counsel, with him *Eugene F. Brazil,* General Counsel, for appellees.

OPINION BY JUDGE BLATT, February 10, 1984:

This case comes here on appeal from the Court of Common Pleas of Philadelphia County which ordered that the appellants, the Philadelphia Association of School Administrators (Administrators), were not properly demoted pursuant to Section 1151 of the Code[1] and also denied the Administrators' request for a preliminary and/or a permanent injunction.

On September 8, 1981, the Philadelphia Federation of Teachers (PFT) instituted a strike against the appellees, the School District of Philadelphia (School District). The strike involved picketing at administrative office sites as well as at schools within the school district. Pursuant to powers vested in him by the enactment of the Educational Supplement to the Philadelphia Home Rule Charater,[2] the Superintendent of the school district, Michael P. Marcase (Superintendent) directed approximately 300 Administrators to report to teach at various Senior Centers and/or Special Education Centers. This was done in an effort to resume the education of senior students and students in need of special education. The Superintendent's directive, which was embodied in a letter, mandated that the Administrators commence teaching and continue for the duration of the PFT strike. It further noted that any Administrator who refused to fol-

---

[1] Section 1151 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151.

[2] 51 Pa. Code §12.12-401(b).

low this order did so at the risk of demotion, suspension, or discharge. All of the Administrators who were ordered to teach, however, had been previously certified by the Department of Education to teach secondary school subjects and/or to provide special education. The Administrators, upon resuming the teaching duties as directed, encountered isolated instances of resistance from other PFT teachers who were striking and picketing. After being denied the relief requested in the court of common pleas, they filed the instant appeal.

The Administrators claim that the Superintendent's mandate, which temporarily reassigned them to teaching positions, was inconsistent with the laws of the Commonwealth and, therefore, not within the powers delegated to him by the Educational Supplement to the Philadelphia Home Rule Charter.[3] Specifically, they contend that the temporary reassignment amounted to a demotion in violation of the procedures established by Section 1151 of the Code,[4] which provides in pertinent part as follows:

> [T]here shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in

---

[3] The Educational Supplement to the Philadelphia Home Rule Charter, 351 Pa. Code §12.12-401(b), grants the Superintendent of Schools "the authority to assign and reassign all professional and classified employes of the District consistent with the laws of the Commonwealth". The Administrators, furthermore, are professional employees as defined by Section 1101(1) of the Code, 24 P.S. §11-1101(1). (See Finding of Fact No. 10).

[4] Section 1151 of the Code, 24 P.S. 11-1151.

the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

The narrow question at issue, therefore, is whether or not a temporary reassignment of properly certified school Administrators to teach senior students as well as students in need of special education for the duration of a teachers strike is a demotion within the meaning of Section 1151 of the Code[5] and, therefore, triggers the procedures guaranteed by the said section.

In *Smith v. School District of Township of Darby,* 388 Pa. 301, 130 A.2d 661 (1957), our Supreme Court said: "A demotion of a professional employee is a removal from one position and an appointment to a lower position; it is a reduction in type of position as compared with other professional employees having the same status . . . a demotion in type of position means something more than a reduction in salary. To demote is to reduce to a lower rank or class and there may be a demotion in type of position even though the salary remains the same". *Id.* at 303-04, 130 A.2d at 664 (citation omitted). We believe, however, that *Smith* contemplates a greater indicia of permanency in job position than the case *sub judice.* Here, the Administrators were ordered to teach specially designated groups of students for the duration of a teachers strike, and this is significantly different from the situation in *Smith,* where the appellant was changed from Supervising Principal to being merely the principal of a high school.

Specifically, therefore, we believe and must hold that an order by a School Superintendent mandating qualified administrators to teach specially designated groups of students for the duration of a teachers

---

[5] *Id.*

strike is not a demotion within the meaning of Section 1151 of the Code and, therefore, does not trigger the procedural mechanisms established in the said Section. We believe, furthermore, that such an interpretation of the Code is consistent with the principle established in *Smith* that "[s]chool authorities must be given broad discretionary powers to ensure a better education for the children of this Commonwealth and any restrictions on the exercise of these powers must be strictly construed on the basis that the public interest predominates and private interests are subordinate thereto". *Id.* at 314, 130 A.2d at 668-69. *Accord School District of Philadelphia v. Twer,* 498 Pa. 429, 447 A.2d 222 (1982).

The Administrators also argue that the trial court erred in denying them the permanent injunctive relief requested because the School District should be barred in the future[6] from ordering Administrators to teach during a strike by the teachers, such an order being injurious to their health and safety as well as to their post-strike relationships with the teachers. Injunctive relief, however, is employed to restrain anticipated injury only when a party's rights thereto are clear and irreparable harm is reasonably certain to result if the relief is not granted. *Robinson v. City of Philadelphia,* 400 Pa. 80, 161 A.2d 1 (1960). Assuming arguendo the existence of a legal right, the Administrators have clearly failed to show that irreparable injury will be visited upon them in the absence of injunctive relief. Although they contend that the order of the Superintendent jeopardized their physical safety and

---

[6] Although it is ostensibly moot, we shall nonetheless decide this issue because it is of a recurring nature, capable of repeatedly avoiding review and of important public interest. *Chester Upland School District v. Chester Upland Education Association,* 64 Pa. Commonwealth Ct. 523, 440 A.2d 1283 (1982).

that subsequent orders of the same kind will do so as well, their claim runs contrary to the record and findings of fact from the trial court. That court found that there were only "isolated incidents of resistence from the striking and picketing PFT teachers" and that there was "no evidence of any medical attention or hospitalization except for one administrator who testified that her hand had been x-rayed". That court also found that any claims of injury to the relationship between the Administrators and the teachers after the strike is, at best, speculative from the record presented, and we agree.

We will, therefore, affirm the trial court's order.

AND Now, this 10th day of February, 1984, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.