570 A.2d 574

**David K. HILL, Appellee,**

v.

**NATIONWIDE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 16, 1989.

Filed Feb. 28, 1990.

James F. Wiley, Media, for appellant.

Carroll G. Wille, West Chester, for appellee.

Before WIEAND, BECK and MONTGOMERY, JJ.

BECK, Judge:

This appeal raises the question of whether the Motor Vehicle Financial Responsibility Law (MVFRL) provides an adequate and complete statutory remedy that precludes equity jurisdiction in an action by an insured against his insurer for first-party medical benefits to cover ongoing treatment. We conclude that in this situation, the MVFRL does not preclude equity jurisdiction.

This is an appeal from a final decree in equity directing appellant, Nationwide Insurance Company (Nationwide), to pay to appellee, David Hill, past and future medical benefits in connection with an automobile accident, as well as interest and attorney's fees incurred in connection with the action.

Hill was injured in an automobile accident in July, 1985. Nationwide paid first party benefits due under Hill's Nationwide policy until July 7, 1986, at which time Nationwide requested that Hill submit to medical examinations by doctors selected by Nationwide. Based upon the reports of those physicians, Nationwide terminated payment of benefits to Hill effective September 25, 1986.

Hill filed a complaint in equity requesting entry of an order requiring payment of future reasonable and necessary medical expenses incurred as a result of the accident and seeking payment of his outstanding medical bills, interest, and attorney's fees. Counsel for Nationwide moved

that the matter be transferred to the law side of the court because the case was controlled by the MVFRL which, according to Nationwide, provided an adequate statutory remedy and precluded equity jurisdiction. This motion was denied and the matter proceeded in equity. A decree was entered in favor of Hill. The decree directed:

> Nationwide Insurance Company shall continue to pay medical and medically related bills to David K. Hill as shall be submitted to Nationwide Insurance Company for payment until further Order of this Court, subject to policy limitations as to amount of insurance coverage. The Court shall direct independent medical examinations both of an orthopedic and psychiatric nature, said examiners to be appointed by the Court, at intervals of no less than six months, or for a shorter time on petition of a party and for good cause shown, to determine the need for continued medical and/or psychiatric or psychologic treatment for David K. Hill. Based upon the reports of said examinations, this Court may modify this Decree ...

The decree also ordered Nationwide to pay Hill's outstanding medical bills and interest thereon at a rate of 12% per annum, as provided by the MVFRL. Lastly, the court found that Nationwide had acted in bad faith in refusing to pay further benefits and awarded attorney's fees to Hill. This timely appeal followed.

Nationwide contends: (1) that the trial court lacked jurisdiction to hear the case in equity because an adequate statutory remedy exists under the MVFRL; and (2) that the trial court erred in awarding Hill attorney's fees.

## I. *Equity Jurisdiction*

Nationwide is correct in noting the general proposition that where a remedy is provided by statute, the jurisdiction of a court of equity cannot be invoked because there is an adequate remedy at law. *Peitzman v. Seidman*, 285 Pa.Super. 228, 231, 427 A.2d 196, 198 (1981). "Generally, where the legislature provides a statutory remedy which is mandatory and exclusive, equity is without

power to act, and a jurisdictional question is presented." *DeLuca v. Buckeye Coal Co.*, 463 Pa. 513, 519, 345 A.2d 637, 640 (1975). However, it has also been recognized that a "court of equity has the power to afford relief despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Peitzman*, 285 Pa. Super. at 234 n. 4, 427 A.2d at 199 n. 4. This proposition is equally true where the legal remedy is provided by statute. *Id; Pennsylvania State Chamber of Commerce v. Torquato*, 386 Pa. 306, 125 A.2d 755 (1956), *cert. denied sub nom. Bowman v. Pennsylvania State Chamber of Commerce*, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957). As the *Torquato* court noted:

> "To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law. *An existing remedy at law* to induce equity to decline the exercise of its jurisdiction in favor of a suitor *must be an adequate and complete one.* And when from the nature and complications of a given case, its justice can best be reached, by means of the flexible machinery of a court of equity, in short where a full, perfect and complete remedy cannot be afforded at law, equity extends its jurisdiction in furtherance of justice."
>
> Equity likewise has jurisdiction to protect by injunction or appropriate remedy (a) property rights, and (b) personal rights "where a multiplicity of suits may be prevented or where a fundamental question of legal right is involved," and where the interests of justice require equitable relief.

*Id.*, 386 Pa. at 329, 125 A.2d at 766 (emphasis supplied) (citations omitted).

■ Thus, to determine whether equity jurisdiction is proper in the face of an existing legal or statutory remedy, we must determine if the legal or statutory remedy available to the plaintiff is adequate and complete. And such a remedy is clearly not adequate and complete where, because of the continuing nature of the plaintiff's injury, the plaintiff would be required to bring a succession of legal

actions. *Id.; See also Luitweiler v. Northchester Corporation*, 456 Pa. 530, 319 A.2d 899 (1974); *Northeast Women's Center, Inc. v. McMonagle*, 665 F.Supp. 1147, 1153 (E.D.Pa. 1987).

Cases in which the court has found no equity jurisdiction involved statutes that clearly provided a mandatory or exclusive remedy or a specific procedure to be followed by the aggrieved party and the remedy provided was adequate and complete. *See, e.g., Pennsylvania Life Insur. Co. v. Pennsylvania National Life Insur. Co.*, 417 Pa. 168, 208 A.2d 780 (1965) (equity jurisdiction improper where Administrative Agency Law provided for uniform and comprehensive method of appeal from decision of administrative agency); *Chartiers Valley School District v. Virginia Mansions Apartment, Inc.*, 340 Pa.Super. 285, 489 A.2d 1381 (1985) (complaint in equity requesting protection of interest in property tax dismissed where statute provided specific out-of-court remedies); *Aquarian Church of Universal Service v. County of York*, 90 Pa.Commw. 290, 494 A.2d 891 (1985) (statutory remedy of appeal to tax assessment board by Church seeking to restrain tax sale of property was mandatory and exclusive remedy precluding action in equity); *Peitzman v. Seidman, supra* (Landlord and Tenant Act provided complete statutory remedy for aggrieved tenants thereby precluding equity jurisdiction); *City of Beaver Falls v. Samuels*, 272 Pa.Super. 76, 414 A.2d 676 (1979) (existence of three alternate and specific statutory procedures for city to follow in action to abate nuisance precluded equity jurisdiction).

Actions in equity have, however, been held to be appropriate where the statute involved did not provide an exclusive or mandatory remedy or where the remedy provided was inadequate. *See, e.g., Redding v. Atlantic City Electric Company*, 440 Pa. 533, 269 A.2d 680 (1970) (action at equity could be maintained where statutory remedy was merely permissive or alternative); *Harris Walsh, Inc. v. Dickson City Borough*, 420 Pa. 259, 216 A.2d 329 (1966) (equity has jurisdiction where statute failed to provide administrative

and judicial procedures sufficient to adequately determine all questions presented). *See also Pennsylvania State Chamber of Commerce v. Torquato, supra* ("test case" could be decided by court of equity despite statutory remedy in order to prevent multiplicity of suits).

In this case, we find nothing in the MVFRL that suggests that it was intended to provide an exclusive or mandatory remedy in the form of an action at law, although such an action is clearly allowed as a form of recovery for unpaid benefits. Even were we to find, however, that the statute did provide such an exclusive or mandatory remedy, we would nevertheless find the remedy provided inadequate under the circumstances of this case. We agree with the trial court insofar as it concluded that equity jurisdiction is proper because "the harm resulting to ... [Hill] from the breach of contract was a continuing harm and would have compelled [Hill] to bring a series of suits upon each infraction by ... [Nationwide]." As the trial court indicated, if the case were transferred to the law side, it would result in a multiplicity of suits as well as a great deal of difficulty in determining "the actual computation of ongoing damages."

Nationwide relies upon three provisions of the MVFRL in support of its position that the MVFRL provides and adequate remedy at law preclusive of equity jurisdiction: (1) section 1712, which outlines first-party benefits; (2) section 1716, which sets forth the time at which benefits are overdue and the interest on overdue benefits; and (3) section 1721, which provides the statute of limitations for actions for first party benefits. We now turn to a consideration of each of these sections.

Section 1712 of the Act, dealing with the availability of benefits, provides in pertinent part:

An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title, except recreational vehicles not intended for highway use, motorcycles, motor-driven cycles or motorized pedacycles or like type vehicles, registered and operated in this Commonwealth, shall make

available for purchase first party benefits with respect to injury arising out of the maintenance or use of a motor vehicle as follows:

(1) Medical benefit.—Coverage to provide for reasonable and necessary medical treatment and rehabilitative services, including, but not limited to, hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, licensed physical therapy, nursing services, vocational rehabilitation and occupational therapy, speech pathology and audiology, optometric services, medications, medical supplies and prosthetic devices, all without limitation as to time, provided that, within 18 months from the date of the accident causing injury, it is ascertainable with reasonable medical probability that further expenses may be incurred as a result of the injury. Benefits under this paragraph may include any nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.

75 Pa.C.S.A. § 1712(1).

This section of the MVFRL sets forth the types of benefits to be offered by insurers. Clearly under this section Hill was entitled to receive medical benefits covering all reasonable and necessary services, including his medication and physical therapy, since he was covered by a policy issued in accordance with section 1712. However, this section does not set forth any specific procedure or mandatory remedy for the enforcement of an insured's right to such benefits.

Appellant next directs our attention to section 1716, which provides:

*Payment of benefits.* Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits. If reasonable proof is not supplied as to all benefits, the portion supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due. In the event the

insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

75 Pa.C.S.A. § 1716.

This section sets forth a time frame for determining when benefits have become overdue as well as the rate of interest to be charged on overdue benefits. In addition, this section establishes a claimant's right to attorney's fees where an insurer has acted unreasonably in denying benefits. Although the provisions of this section clearly anticipate the possibility of an action for first-party benefits, the type of action to be used by an insured in securing benefits is not specified.

Finally, Nationwide directs our attention to section 1721, dealing with the statute of limitations applicable to actions for first party benefits due but unpaid:

(a) General rule.—If benefits have not yet been paid, an action for first party benefits shall be commenced within four years from the date of the accident giving rise to the claim. If first party benefits have been paid, an action for further benefits shall be commenced within four years from the date of the last payment.

(c) Definition.—As used in this section the term "further benefits" means expenses incurred not earlier than four years preceding the date an action is commenced.

75 Pa.C.S.A. § 1721(a), (c).

This section limits the time within which an insured can sue the insurer for first party benefits that are due and unpaid. It is not relevant as to whether an equitable remedy in the form of an order requiring payment of *future* benefits is also available. To interpret the fact that the MVFRL includes such a statute of limitations as impliedly limiting the remedy to a legal one would be an unwarranted extension of the actual language of the statute.

None of the sections relied upon by Nationwide lend support to its argument that the MVFRL provides a mandatory or exclusive remedy for a wrongful denial of benefits or a complete and adequate legal remedy for one who has been wrongfully denied such benefits and is in need of further medical treatment. Nor do we find any other provision of the MVFRL that even remotely speaks to this issue.

The trial court here ordered payment to Hill for future treatment up to the amount specified under Hill's policy, subject to medical re-evaluations as directed by the court. This is the only fair and logical remedy under the circumstances and it is not precluded by the statute. Had Hill pursued a purely legal remedy, it would have secured to him only those benefits due him at the time of that action. He may then have been required to institute a new action each time a bill he submitted for payment was denied by Nationwide. Such a remedy would clearly be inadequate. It would not only subject Hill to the necessity of repeated litigation, but also might require him to pay for his treatment "up front" in hopes of reimbursement by Nationwide. It cannot be gainsaid that Hill and most individuals like him simply are not in the financial position to assure payment of their own ongoing treatment. Only in the world of television does a patient enter a treatment facility without being asked to show his insurance card at the front door. Without proof of insurance to cover medical care, Hill would most likely find himself unable to secure further treatment. Realistically speaking, equity provides the only adequate remedy for an insured in Hill's position. To interpret the MVFRL as precluding this remedy would clearly contravene the policies underlying the statute which, as remedial legislation, is to be liberally construed. *See Persik v. Nationwide Mutual Ins. Co.*, 382 Pa.Super. 29, 554 A.2d 930 (1989); *Donegal Mutual Ins. Co. v. Long*, 387 Pa.Super. 574, 564 A.2d 937, 943 n. 4 (1989).[1]

1. At the conclusion of Nationwide's brief on appeal, Nationwide summarily asserts that "[t]he trial of the matter in equity has denied

## II. *Attorney's Fees.*

■ Nationwide next contends that the award of attorney's fees was not supported by the evidence in this case. Nationwide maintains that its failure to pay Hill's medical benefits, based upon its evaluation of reports supplied by its own physicians, was neither in bad faith nor unreasonable but simply an "honest dispute between insurer and ... [Hill]."

Section 1716 of the MVFRL permits the recovery of attorney fees in an action for first-party benefits by an insured where the insurer has "acted in an unreasonable manner in refusing to pay the benefits when due." Interestingly, another section of the MVFRL, also addresses awards of attorney's fees. Section 1798(b) provides that the insurer must pay attorney's fees when the insurer is

Defendant the right to a jury trial." This assertion is not supported by any citation to authority or argument. We, therefore, are not aware of what Nationwide views as the basis for this assertion and we consider it waived. "When an appellant fails to carry forward, or is indecipherably vague in, argumentation upon a certain point in his appellate brief, that point is waived." *Ibn–Sadiika v. Riester,* 380 Pa.Super. 397, 551 A.2d 1112, 1114 (1988) (citing *Pelagatti v. Cohen,* 370 Pa.Super. 422, 536 A.2d 1337, 1341 (1987); *Giant Markets v. Sigma Marketing Systems,* 313 Pa.Super. 115, 459 A.2d 765, 771 n. 2 (1983)). *See also Bank of Pittsburgh v. Purcell,* 286 Pa. 114, 133 A. 31 (1926) (right to jury trial is waivable).

We do note, however, that the Pennsylvania Constitution does not require a jury trial in an ordinary equity action and once equity has properly assumed jurisdiction, it will do complete justice even if that includes awarding money damages incidental to the equitable relief sought. *Rosenberg v. Rosenberg,* 276 Pa.Super. 203, 419 A.2d 167 (1980); *McGovern v. Spear,* 463 Pa. 269, 344 A.2d 826 (1975) ("Once equity obtains jurisdiction, that jurisdiction continues until all issues raised have been determined."); *Fountain Hill Underwear Mills v. Amalgamated Clothing Workers' Union of America,* 393 Pa. 385, 143 A.2d 354 (1958) (equity may award damages in tort and for breach of contract where necessary to do complete justice); *Philadelphia Gas Works Co. v. City of Philadelphia,* 331 Pa. 321, 1 A.2d 156 (1938) (where assumption of equity jurisdiction is proper, right to jury trial is not unconstitutionally denied). We further note that although equity does not have the power to assume jurisdiction over a cause of action as to which a statute provides an exclusive legal remedy, we have already determined that in this case the MVFRL does not provide such a remedy to a party seeking payment of first party benefits. *Compare Gardner v. Allegheny County,* 382 Pa. 88, 114 A.2d 491 (1955).

found to have acted with no reasonable foundation in denying first party benefits. 75 Pa.C.S.A. § 1798(b).

Appellate case law construing these sections of the MVFRL is sparse. However, in the recent decision of a panel of this court in *De Michele v. Erie Insurance Exchange*, 385 Pa.Super. 634, 561 A.2d 1271 (1989), the court construed the MVFRL to mean that attorney's fees are payable "where an insurer unreasonably fails to pay benefits when due...." The *De Michele* court further elaborated on this interpretation by stating "... we interpret the statute to provide that only where an insurer's failure to pay constitutes an unreasonable act which is clearly contrary to the terms of the policy and to Pennsylvania law, will the insurer be responsible for paying the insured's reasonably incurred attorney's fees. In effect, we have interpreted this portion of the statute to act as a penalty and deterrent for bad faith behavior." *Id.*, 385 Pa.Superior Ct. at 636–7, 561 A.2d at 1273–74.

The trial court in this case awarded attorney's fees to Hill because it expressly found that Nationwide had acted in bad faith in terminating Hill's benefits. Although the court did not cite to the MVFRL in support of this conclusion, the court relied upon two cases decided under the now repealed No-fault Act: *Shaffer v. Pennsylvania Assigned Claims Plan*, 359 Pa.Super. 238, 518 A.2d 1213 (1986) and *Solomon v. Sentry Insur. Co.*, 324 Pa.Super. 329, 471 A.2d 863 (1984). We assume the trial court found these cases relevant because the No-fault Act provided for an award of fees where the insurer acted without reasonable foundation in denying benefits, and thus, contained the same language now found in Section 1798(b) of the MVFRL. *See* Pa.Stat. Ann. tit. 40, § 1009.107(3) (Purdon Supp. 1983–84) (repealed). This language in the No–Fault Act had also been construed to impose a bad faith requirement for awards of attorney's fees. *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981). Therefore, we must assume that in finding "bad faith", the trial court was actually concluding that Nationwide had "no reasonable foundation"

for its conclusion that Hill was no longer in need of medical services relating to the injuries he had received.

Nationwide acknowledges that the findings of the trial judge should not be reversed absent an abuse of discretion or lack of evidentiary support. *Firestone v. Luther Ford Sales, Inc.*, 271 Pa.Super. 480, 414 A.2d 355 (1979). Moreover, it is well-settled that issues of witness credibility and evidentiary weight are within the exclusive province of the chancellor. *Babin v. City of Lancaster*, 89 Pa.Cmwlth. 527, 493 A.2d 141 (1985). Nevertheless, it is Nationwide's position that there was insufficient evidence to support a finding of bad faith on its part.

The trial judge in this case found the medical evidence of Hill's need for continued treatment to be clearly more credible than the reports by Nationwide's doctors that Hill required no further medical care and apparently inferred from this evidence that Nationwide had acted in bad faith in rejecting the views of Hill's medical providers in favor of its own doctor's assessment. We find ample support for this inference in the record. Nationwide's decision to rely upon the reports of its own doctors, only one of whom appears actually to have examined Hill, in the face of the overwhelming contrary evidence showing Hill's actual need for continuing treatment, can easily be seen as having no reasonable foundation. Such unilateral decisions by insurers, which can have immediate and dire consequences for insureds, are certainly one species of conduct that should be deterred by the attorney's fees provisions of the MVFRL. The trial court did not abuse its discretion in finding that Nationwide acted in bad faith in terminating Hill's medical benefits.

The order of the trial court is affirmed.

WIEAND, J., files dissenting opinion.

WIEAND, Judge, dissenting.

The majority holds that a policy of automobile insurance providing coverage for first party benefits under the Motor

Vehicle Financial Responsibility Law [1] may be specifically enforced in equity. I dissent. I would hold that an action at law to recover money damages as provided by the statute is an adequate remedy. I also dissent from the majority's holding that an insurance company which, in reliance upon a physical examination made by a competent physician, has discontinued the payment of first party benefits can, without more, be made to pay the claimant's counsel fees in a subsequent action to recover benefits.

David Hill sustained personal injuries as a result of a motor vehicle accident on July 27, 1985. Nationwide Insurance Company (Nationwide) paid first party medical benefits for the first year thereafter and up to September 24, 1986, when it discontinued further payments. Its decision to deny further payments was based upon independent physical examinations conducted by Dr. Frances Bryan, an internist, and Dr. Richard Schmidt, an orthopedic surgeon. Dr. Bryan found no physical reason that would prevent Hill from working and recommended a home exercise program. Dr. Schmidt found no residual effects of the accident and opined that there was no need for Hill to receive further medical treatments. When Hill's claim for continuing benefits was denied, he filed an action in equity to compel Nationwide's continued payment of medical benefits. The insurance company moved to transfer the action to the law side of the court where a factual determination of Hill's need for continuing medical treatment could be made by a jury. The trial court denied Nationwide's motion on grounds that the insurer's denial of liability was subject to repetition which might require multiple additional actions. After trial without a jury, at which conflicting testimony was presented regarding Hill's recovery from his injuries, the trial court entered a decree nisi in which Nationwide was directed to pay accumulated medical bills in the amount of $12,849.79, together with interest at the rate of 12% and counsel fees in the amount of $5,687.50. The insurer was also directed to "continue to pay medical and medically

1. 75 Pa.C.S. § 1701 et seq.

related bills ... as shall be submitted ... for payment until further Order of this Court, subject to policy limits as to amount of insurance coverage." The trial court added in its adjudication that it would "direct independent medical examinations both of an orthopedic and psychiatric nature, said examiners to be appointed by the Court, at intervals of no less than six months, or for a shorter time on petition of a party and for good cause shown, to determine the need for continued medical and/or psychiatric or psychological treatment...." A motion for post-trial relief was denied, and the decree nisi was entered as the final decree of the court. Nationwide appealed.

"It is axiomatic that in order for a Court to grant equitable relief to redress the violation of a legal right, the remedy at law must be inadequate." *Robinson v. Abington Education Association*, 492 Pa. 218, 223, 423 A.2d 1014, 1016 (1980). Moreover, "[i]t is generally established that where a remedy is provided by statute, the jurisdiction of a court of equity may not be invoked since there is an adequate remedy at law." *Peitzman v. Seidman*, 285 Pa.Super. 228, 231, 427 A.2d 196, 198 (1981). See: *DeLuca v. Buckeye Coal Company*, 463 Pa. 513, 519, 345 A.2d 637, 640 (1975). "When a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute can be used." *Pennsylvania State Chamber of Commerce v. Torquato*, 386 Pa. 306, 329, 125 A.2d 755, 766 (1956), *cert. denied sub nom. Bouman v. Pennsylvania State Chamber of Commerce*, 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed.2d 596 (1957), quoting *Collegeville v. Philadelphia Suburban Water Co.*, 377 Pa. 636, 645, 105 A.2d 722, 726 (1954). In such cases, equity will grant relief only if the statutory remedy is not adequate or its pursuit would work irreparable harm. *Pennsylvania State Chamber of Commerce v. Torquato, supra* 386 Pa. at 329, 125 A.2d at 766; *Collegeville v. Philadelphia Suburban Water Co., supra* 377 Pa. at 646, 105 A.2d at 726; *Duquesne Light Company v. Upper St. Clair Township*, 377 Pa. 323, 340, 105 A.2d 287, 294–295 (1954). A claim for money damages

is ordinarily cognizable at law, not in equity. *Central Storage & Transfer Co. v. Kaplan*, 37 Pa.Commw. 105, 112, 389 A.2d 711, 715 (1978), *aff'd*, 487 Pa. 485, 410 A.2d 292 (1979). See: *Bauer v. P.A. Cutri Co. of Bradford, Inc.*, 434 Pa. 305, 253 A.2d 252 (1969).

In this action the claimant sought to recover money damages representing first party benefits under the Motor Vehicle Financial Responsibility Law. An action at law is an adequate remedy to recover such moneys. Moreover, a claim for first party benefits is controlled by the statute. If benefits are not paid within thirty (30) days, they bear interest at the rate of 12% per annum from the date they become due. 75 Pa.C.S. § 1716. If the denial of benefits is unreasonable, the insurer is required to pay, in addition, "a reasonable attorney fee based upon actual time expended." *Id.* These provisions contemplate an action at law for money damages. The remedy at law, in view of the penalties imposed by the statute for failure to make payment when due, is clearly adequate. The statute does not envision and the courts should not create a remedy which requires courts of equity to supervise insurance companies in the performance of their duties under MVFRL. It is an adequate remedy that defaulting insurance companies will be required to pay to the claimant interest at the rate of 12% and, if their default has been unreasonable, a counsel fee as well.

The majority, although conceding that an action at law is an adequate remedy to recover money damages, allows an action in equity for specific performance because Nationwide *may* refuse to make future payments, in which event Hill will be required to institute multiple actions to enforce his rights. I do not find this argument persuasive. In the first place, the record does not support a finding that Nationwide will in the future refuse to comply with the duties imposed upon it by MVFRL and the provisions of its policy of automobile insurance. It is sheer speculation to conclude from this record that multiple actions will be required to enforce Hill's claim for first party benefits. In

the absence of evidence to support such a finding, the claimant must be held to have failed in his burden of showing the need for a court of equity to assume jurisdiction. Equitable jurisdiction does not exist to protect against mere possibilities. *Jones v. Amsel,* 388 Pa. 47, 52–53, 130 A.2d 119, 122 (1957); *Philadelphia Assoc. of School Administrators v. School Dist. of Phila.,* 80 Pa.Commw. 242, 246–247, 471 A.2d 581, 584 (1984), citing *Robinson v. Philadelphia,* 400 Pa. 80, 89, 161 A.2d 1, 6 (1960).

The dispute between insurer and insured in this case arose because independent examinations of the insured by competent physicians disclosed that continuing medical treatment was unnecessary. If these medical opinions are incorrect, as the trial court has found, there is no reason to believe that Nationwide will refuse to make payment of first party benefits as and when they become due. In the event it fails to do so, however, the legislature has provided an adequate remedy. If payments are not made when due, the insurer will become liable for interest at the rate of 12%; and if the default is unreasonable, the insurer will be required to reimburse the claimant for any counsel fees incurred in collecting moneys which Nationwide wrongfully refused to pay.

The recovery of damages, plus interest and counsel fees, is not only an adequate remedy but also one which is more efficient and less wasteful of judicial resources than a remedy in equity which requires the court to monitor a claimant's physical condition by multiple examinations of the claimant by court appointed physicians. The majority's decision to allow equitable jurisdiction for the purpose of decreeing specific performance of policies of automobile insurance issued under the Motor Vehicle Financial Responsibility Law establishes an unfortunate precedent. It will undoubtedly increase the number of actions brought in equity to enforce policies of insurance by calling upon the contempt powers of the court. It will also provide precedent for removing to courts of equity many disputes which are now heard by juries in courts of law. In my judgment, this is unnecessary. Where the only dispute between claim-

ant and insurer is whether the claimant has recovered from injuries received in a vehicular accident, the dispute is better resolved at law. Because this is an adequate remedy, I submit, a court of equity lacks jurisdiction to grant specific performance.

"In the event an insurer is found to have *acted with no reasonable foundation* in refusing to pay the benefits enumerated ... when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended." 75 Pa.C.S. § 1798(b). See also: 75 Pa.C.S. § 1716. In effect, this statutory provision has been interpreted as a penalty intended to deter bad faith conduct. *DeMichele v. Erie Insurance Exchange*, 385 Pa.Super. 634, 636–7, 561 A.2d 1271, 1273–1274 (1989). See: *Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 160, 425 A.2d 419, 424 (1981).

In the instant case, the insurer discontinued the payment of first party benefits after fourteen months because the claimant was found to have recovered from his injuries by two competent physicians employed to examine him. The trial court, after hearing medical testimony from experts employed by both sides, found the claimant's witnesses more credible and held that claimant was entitled to continuing benefits. With no other basis therefor than its own determination of credibility, the trial court found that the insurer had acted in bad faith and awarded to claimant a counsel fee of $5,687.50. The majority affirms. I dissent. I conclude that the trial court's finding of bad faith is unsupported by the evidence. Therefore, I would reverse the award of counsel fees.

Provision is made in 75 Pa.C.S. § 1796(a) for the physical examination of a claimant whose physical condition is material to his claim for benefits. When an insurer obtains a physical examination of the claimant by a competent physician, it cannot be said that the insurer acts in bad faith when it relies upon the physician's report to deny further benefits. Otherwise, the right to obtain a physical examination of the claimant is meaningless. The mere fact that equally competent physicians employed by the claimant

thereafter reach a different conclusion is an inadequate basis on which to find that the insurer acted unreasonably or in bad faith. This is not altered merely because a court or jury subsequently determines that the opinions of the claimant's physicians are more reliable. If the law were otherwise, an insurer would become liable for counsel fees in each case in which it mistakenly relied upon competent medical advice, whether or not its mistake was reasonable and whether or not it acted in bad faith. Indeed, in such cases the insurer would be compelled to rely upon the advice of physicians at its peril. This is not what the law provides. Before an insurer becomes liable for the payment of counsel fees, it must have acted unreasonably and in bad faith.

In the instant case, the insurer denied the claim for continuing medical expenses because competent physicians had examined the claimant and found further medical treatment unnecessary. I would hold that it was error to find that the insurer acted in bad faith under these circumstances and would reverse the award of counsel fees.

For the foregoing reasons, I would vacate the award of counsel fees and reverse and remand for transfer to the law side of the court for trial by jury on the claim for first party benefits.