## Mattiace v. Allstate Insurance Co.

*John L. Sampson,* for plaintiff.
*George H. Eager,* for defendant.

STENGEL, *J.,* August 19, 1991—Plaintiff filed a complaint in equity to obtain payment of medical bills under her automobile insurance policy. The insurer objected to the equity action and requested that the case be transferred to the law side of the court. Phyllis Mattiace was injured in an automobile accident on July 28, 1983. At the time, she was insured under an Allstate policy in accordance with the Pennsylvania No-Fault Motor Vehicle Insurance

Act, 40 Pa.C.S. section 1009.101 et seq., now repealed. The insured's private health insurance carrier was primary and Allstate was secondary for the payment of medical expenses.

In 1983, Allstate began paying the basic loss benefits due to plaintiff under the No-Fault policy. Plaintiff required medical treatment from the date of the accident to the present. All injuries have resolved except adhesive capsulitis and bursitis in her right shoulder. Prior to June 1990, Allstate paid for all medical treatment, including physical therapy, for plaintiff's shoulder injury.

Allstate contends that the physical therapy which plaintiff is currently receiving is purely maintenance therapy and, therefore, payment is not authorized under the No-Fault Act. Allstates' decision to terminate payments in June of 1990 was based on an independent medical examination performed by an orthopedic specialist and a physical therapy review prepared by a rehabilitation consultant, both of whom were employed by Allstate.

Plaintiff has filed this declaratory judgment action asking the court to direct that Allstate is under a continuing obligation to reimburse plaintiff, with interest, for all medical bills relating to her physical therapy and for costs and attorney's fees associated with this action. Defendant objects to the request for declaratory relief because plaintiff has an adequate legal remedy and because the declaratory judgment would, in effect, require the court to monitor the ongoing payment of claims for medical bills. Further, defendant has requested that this matter be referred to compulsory arbitration since the amount in question is approximately $200, far beneath the $20,000 compulsory arbitration limit for this county.

Allstate Insurance has properly noted in its objection to this declaratory judgment action that where

the legislature provides a statutory remedy which is mandatory and exclusive, equity is without power to act, and a jurisdictional question is presented. *De-Luca v. Buckeye Coal Company,* 463 Pa. 513, 519, 345 A.2d 637, 640 (1975); *Hill v. Nationwide Insurance Company,* 391 Pa. Super. 184, 570 A.2d 574 (1990). However, for an equity court to decline the exercise of its jurisdiction, the existing remedy at law must be an "adequate and complete" one. *Pennsylvania State Chamber of Commerce v. Torquato,* 386 Pa. 306, 329, 125 A.2d 755, 766 (1956), *cert. denied,* sub nom. *Bowman v. Pennsylvania State Chamber of Commerce,* 352 U.S. 1024, 77 S.Ct. 589, 1 L.Ed. 2d 596 (1957).

Thus, to determine whether equity jurisdiction is proper in the face of an existing legal or statutory remedy, this court must determine if the legal or statutory remedy available to plaintiff is adequate and complete. The Pennsylvania appellate courts have determined that such a remedy is clearly not adequate and complete where, because of the continuing nature of the plaintiff's injury, the plaintiff would be required to bring a succession of legal actions. *Pennsylvania State Chamber of Commerce v. Torquato,* 386 Pa. at 329, 125 A.2d at 766; *Hill v. Nationwide Insurance Company,* 391 Pa. Super. at 188-89; 570 A.2d at 576.

In *Hill v. Nationwide,* the insured filed a complaint in equity to obtain payment of future reasonable and necessary medical expenses incurred as a result of an automobile accident and seeking payment of his outstanding medical bills, interest and attorney's fees. The insurance company moved to transfer the action to the law side of the court where a factual determination of the insured's need for continuing medical treatment could be made by a jury. The trial court denied the motion on grounds

that the insured's denial of liability was subject to repetition which might require multiple additional actions. The trial court ordered payment to the insured for future treatment up to the amount specified under the insurance policy, subject to medical re-evaluations as directed by the court.

This decision was affirmed on appeal by the Superior Court which noted:

"This is the only fair and logical remedy under the circumstances and it is not precluded by the [Motor Vehicle Financial Responsibility Law]. Had [the insured] pursued a purely legal remedy, it would have secured to him only those benefits due him at the time of that action. He may then have been required to institute a new action each time a bill he submitted for payment was denied by [the insurer]. Such a remedy would clearly be inadequate. It would not only subject [the insured] to the necessity of repeated litigation, but also might require him to pay for his treatment 'up front' in hopes of reimbursement by [the insurer]. . . . Realistically speaking, equity provides the only adequate remedy for an insured in the [plaintiff's] position." *Id.* at 193, 570 A.2d at 578.

Other courts have found that although an action at law is an adequate remedy to recover money damages, actions in equity for specific performance will be allowed when the insurer has indicated an intention to refuse to make future payments requiring the insured to institute multiple actions to enforce his or her rights. See *Ohio Casualty Insurance Company v. Charles L. Spence,* 402 Pa. Super. 6, 585 A.2d 1109 (1991) (Declaratory judgment action brought by insurer seeking determination that it was no longer obligated to pay for certain medical treatment pursuant to the No-Fault Act); *Hamburger v. Erie*

*Insurance Exchange,* no. 57 Equity 1990, Pa. Cumberland C.P., (Hess, April 15, 1991) (Declaratory judgment action brought by insured seeking a declaration that certain costs for care in the past and for similar services in the future are financial responsibility of insurer under the No-Fault Act).

Although the *Hill v. Nationwide Insurance Company* case relates to the Motor Vehicle Financial Responsibility Act, the *Ohio Casualty v. Spence* and *Hamburger v. Erie Insurance* cases clearly addressed the No-Fault Act. These cases were filed in equity to obtain a remedy substantially similar to that sought in this case.

For the reasons stated above, this court concludes that equity jurisdiction is proper.

Accordingly, we enter the following

## ORDER

And now, August 19, 1991, upon consideration of defendant Allstate Insurance Company's objection to this matter being brought in equity and its request that it be transferred to the law side of the court, it is hereby ordered that defendant's request is denied and this case shall proceed as a declaratory judgment action.