NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3264
_____

MOSES TAYLOR FOUNDATION,
o/b/o Moses Taylor Hospital,
Appellant

v.

COVERYS; PROSELECT INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-20-cv-00990)
District Judge: Honorable Jennifer P. Wilson

_____

Argued: November 8, 2022

Before: JORDAN, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: April 12, 2023)

Bruce L. Coyer
Kelly E. Hadley [ARGUED]
Michael P. Perry
O'Malley & Perry
345 Wyoming Avenue
Scranton, PA 18503

    *Counsel for Appellant*

Thomas R. Hurd [ARGUED]
McElroy Deutsch Mulvaney & Carpenter
1617 John F. Kennedy Boulevard
Suite 1500, One Penn Center
Philadelphia, PA 19103

*Counsel for Appellees*

_____

OPINION*

_____

**SCIRICA**, *Circuit Judge*

Appellant Moses Taylor Foundation, on behalf of Moses Taylor Hospital ("Moses Taylor"), claims the loss of aggregate insurance coverage due to an insurer's bad faith failure to settle justifies equitable relief under Pennsylvania law. The District Court dismissed Moses Taylor's complaint after finding that Moses Taylor did not plead actual monetary damages. But as noted, Moses Taylor seeks restoration of its insurance coverage—a form of equitable relief. Appellees had ample notice that Moses Taylor was not seeking monetary damages. We will vacate the District Court's grant of Appellees' motion to dismiss and remand so the District Court can consider whether Moses Taylor's complaint properly pleads a breach of contract action seeking equitable relief.

I.

Moses Taylor purchased a medical malpractice insurance policy from Appellees

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Coverys and Proselect Insurance Company (collectively "Appellees")[1] with a $7.25 million coverage limit applicable to aggregate liability as well as to individual claims. In 2017, the guardian of a patient who suffered catastrophic birth injuries filed a medical malpractice claim against Moses Taylor in state court. Appellees directed Moses Taylor's legal defense. During pretrial negotiations, the plaintiff in the underlying malpractice case presented evidence supporting an estimated damages award in the hundreds of millions and made a demand for Moses Taylor's policy limit. Moses Taylor alleges it informed Appellees that it needed to settle the case within its policy limit and wanted to accept plaintiff's demand at the next pretrial conference. Appellees failed to send a representative with settlement authority to that conference. Although the presiding judge ordered Appellees to send a representative with the proper authority to the next conference, they again failed to do so.

Moses Taylor submits that Appellees then agreed to high-low arbitration[2] because it promised Appellees that it would contribute its own private funds if the final award was at the "low" limit of $2,500,000. Before presenting evidence to the arbitrator, the patient's counsel made a final settlement demand of $6,000,000. Moses Taylor alleges it directed Appellees to accept the demand, or at least engage in settlement discussions, but Appellee

---

[1] Appellee Coverys provides malpractice insurance to Moses Taylor. Appellee Proselect Insurance Company is an underwriting company.

[2] This is a type of arbitration proceeding in which the parties agree ahead of time that the final award will fall between a "low" limit and "high" limit. If the arbitrator returns a verdict below the "low" limit, the final award will be adjusted upwards to the "low" limit. If the arbitrator returns a verdict above the "high" limit, the final award will be adjusted downwards to the "high" limit.

did neither. The arbitrator returned a verdict far above the "high" limit of $7,750,000 which was then reduced to the high limit. Appellees paid out a portion of this settlement from Moses Taylor's aggregate insurance, which depleted the funds available to cover future liability. But for Appellees' inaction, Moses Taylor contends, the final settlement amount would have been lower and so would have depleted less of Moses Taylor's aggregate insurance coverage.

Moses Taylor brought a breach of contract claim as well as derivative bad faith and vicarious liability claims in state court. In its complaint, Moses Taylor alleged it suffered "monetary damages in the depletion of the aggregate amount of insurance tail coverage available to it" and requested that $1.75 million, the difference between the settlement demand and the final settlement, "be restored to [its] excess insurance policy aggregate so that [$2.25 million] remains as coverage under the subject policy." JA 164.

Appellees removed the suit. The District Court dismissed Moses Taylor's complaint for failure to plead actual monetary damages and granted leave to amend. When Moses Taylor could not produce evidence of pending or future claims likely to exceed its policy limits, the court dismissed its amended complaint with prejudice, again citing failure to plead actual monetary damages. Moses Taylor timely appealed.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of a motion to dismiss de novo. *FTC v. AbbVie Inc.*, 976 F.3d 327, 351 (3d Cir. 2020). In considering a motion to dismiss, we "accept all factual allegations as true, construe the complaint in the

4

light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint," the plaintiff's claim is plausible. *See id.* (citation omitted). While we determine whether the complaint "contain[s] enough facts to state a claim to relief that is plausible on its face," *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), "the 'plausibility standard is not akin to a probability requirement.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 344 (3d Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678) (cleaned up). Under the Federal Rules, a pleading must put the opposing party on notice of the nature of the claims against it. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (reaffirming, after *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007), that the Rule 8 pleading standard is meant to ensure that the defendant has fair notice of the claim and its grounds).

### III.

Under Pennsylvania law, a plaintiff bringing a breach of contract claim must plead "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Appellees, and the District Court, understand the term "resultant damages" to prohibit plaintiffs from bringing breach of contract actions seeking equitable relief. This reading is too narrow. Pennsylvania law recognizes both legal and equitable remedies for breach of contract claims. *See, e.g.*, *Rizzo v. Haines*, 555 A.2d 58, 68 (Pa. 1989) (discussing a breach of contract action for monetary damages); *Linde v. Linde*, 210 A.3d 1083, 1090–91 (Pa. Super. Ct. 2019) (describing specific performance as a remedy for breach of contract); *see*

5

*also Siegel v. Goldstein*, 2022 U.S. WL 2234952 (3d Cir. June 22, 2022) ("Pursuant to Pennsylvania law, breach of contract claims may sound in law or equity.").

Equitable relief is appropriate when legal remedies are inadequate. *Clark v. Pennsylvania State Police*, 436 A.2d 1383, 1385 (Pa. 1981); *see Petry v. Tanglwood Lakes, Inc.*, 522 A.2d 1053, 1056 (Pa. 1987) ("Equitable jurisdiction . . . depends upon the 'inadequacy' of the remedy at law."). A legal remedy, whether provided by common law or statute, does not need to be nonexistent to be inadequate. *See Hill v. Nationwide Ins. Co.*, 570 A.2d 574, 576 (Pa. Super. Ct. 1990). A plaintiff may seek equitable relief "despite the existence of a legal remedy when, from the nature and complications of a given case, justice can best be reached by means of equity's flexible machinery." *Id.* (quoting *Peitzman v. Seidman*, 427 A.2d 196, 199 n.4 (Pa. Super. Ct. 1981)); *Roth v. Columbia Distributing Co.*, 89 A.2d 825, 830 (Pa. 1952) (approving equitable remedy in a breach of contract case, despite the usual availability of a remedy at law, because plaintiff's proprietary interest under the contract was "incapable of valuation in terms of money").

From the beginning of this litigation, Moses Taylor has asked for $1.75 million to be restored to its aggregate insurance policy.[3] Moses Taylor's complaint alleges that Appellees' conduct "caused [it] to suffer monetary damages in the depletion of the

---

[3] Moses Taylor's complaint includes the following prayer for relief after each of the three counts: "Plaintiff demands that judgment be entered in its favor and against Defendants, in an amount of one million seven hundred fifty thousand ($1,750,000.00) dollars, and demands that such an amount be restored to Plaintiff's excess insurance policy aggregate so that two million two hundred fifty thousand dollars ($2,250,000.00) remains as coverage under the subject policy, and such other relief as is deemed necessary and proper." JA 164, 166, 167.

aggregate amount of insurance tail coverage available." JA 164. Yet all of Moses Taylor's references to monetary damages are accompanied by a request for the restoration of $1,750,000 to its aggregate coverage. In its opening brief, Moses Taylor found it "important to note" that it was "not seeking [$1.75 million] to be paid to it, but only that the amount be restored to its aggregate insurance coverage." Appellant Br. 6. Moses Taylor does not allege any other consequence of Appellees' bad faith besides the depletion of its aggregate coverage. Despite Moses Taylor's occasional references to "damages," the demand for restoration is the essence of the complaint. This is a request for equitable relief.

IV.

We will remand this matter so that the District Court can decide whether equitable relief is available to Moses Taylor. A court may, in its discretion, "take upon itself to say whether [a] common-law remedy is, under all the circumstances and in view of the conduct of the parties, sufficient for the purpose of complete justice." *Vautar v. First Nat'l Bank of Pa.*, 133 A.3d 6, 13 (Pa. Super. Ct. 2016) (quoting *Cohen v. Pelagatti*, 493 A.2d 767, 771 (Pa. Super. Ct. 1985)); *see also Hill*, 570 A.2d at 189 (discussing this duty of the court in the context of statutory remedies).

Pennsylvania caselaw suggests compensatory damages for an insurer's bad faith failure to settle are only appropriate when an insured faces liability that exceeds their policy limit. *See Birth Center v. St. Paul Companies*, 727 A.2d 1144 (Pa. Super. 1999). Even if compensatory damages are theoretically available to Moses Taylor, competing statutes of limitations complicate this case—making it more likely any available damages would be inadequate and so requiring "equity's flexible machinery." *Hill*, 570 A.2d at 576.

7

The statute of limitations on Moses Taylor's breach of contract claim is four years. 42 Pa. Gen. State § 5525(a). But the statute of limitations on personal injury actions, which is two years, does not begin to run for unemancipated minors until they turn eighteen. 42 Pa. Gen. Stat. § 5533. Even though the policy period for Moses Taylor's policy ended in 2011, plaintiffs who were treated as infants near the end of the policy period could bring suit in 2028 or even later. Reliance on remedies at law creates a catch-22 for Moses Taylor here: sue without waiting for liability that would require use of its aggregate coverage and risk dismissal for failure to plead actual monetary damages or wait for such liability and risk running out the four-year statute of limitations. Either way, Moses Taylor would face the strong possibility that the merits of its bad faith claim would not be heard. Requesting equitable relief—restoration of $ 1,750,000 to its aggregate coverage—avoids this catch-22.

## III.

For these reasons we will VACATE the District Court's grant of Appellees' motion to dismiss and REMAND the case for disposition consistent with this opinion.